1  Moez M. Kaba, State Bar No. 257456
   mkaba@hueston.com
2  Josh Burk, State Bar No. 313869
   jburk@hueston.com
3  HUESTON HENNIGAN LLP
   523 West 6th Street, Suite 400
4  Los Angeles, CA 90014
   Telephone:    (213) 788-4340
5  Facsimile:    (888) 775-0898

6  John C. Hueston, State Bar No. 164921
   jhueston@hueston.com
7  Abigail Majane, State Bar No. 330347
   amajane@hueston.com
8  HUESTON HENNIGAN LLP
   620 Newport Center Dr., Suite 1300
9  Newport Beach, CA 92660
   Telephone:    (949) 229-8640
10 Facsimile:    (888) 775-0898

11 *Attorneys for Defendant
   CoreLogic Credco, LLC*
12

13                  UNITED STATES DISTRICT COURT
14                 SOUTHERN DISTRICT OF CALIFORNIA
15

16 | MARCO A. FERNANDEZ, individually and as a representative of the class, | Case No. **'20 CV 1262 JM AGS** |
|---|---|
17 | | **DEFENDANT CORELOGIC CREDCO, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT** |
18 | Plaintiff, | |
19 | vs. | San Diego Superior Court Case No.: 37-2020-CU-MC-CTL |
20 | CORELOGIC CREDCO, LLC, | |
21 | Defendant. | Complaint Filed: June 2, 2020 |

- 1 -
DEFENDANT CORELOGIC CREDCO, LLC'S NOTICE OF REMOVAL

5766616

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005), defendant CoreLogic Credco, LLC ("CoreLogic" or "Defendant") hereby removes the above-entitled action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.

## I. Procedural Background

On June 2, 2020, plaintiff Marco A. Fernandez ("Plaintiff") filed a Complaint in the Superior Court of the State of California, in and for San Diego County entitled *Marco A. Fernandez v. CoreLogic Credco, LLC*, Case No. 37-2020-00018239-CU-MC-CTL (the "Action"). (Declaration of Josh Burk ("Burk Decl."), ¶ 3, Ex. A.)

The Complaint alleges (1) willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; (2) willful violations of the California Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1, *et seq.*; and (3) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* On June 5, 2020, Plaintiff served Defendant with a copy of the Summons, Civil Cover Sheet, and Complaint in the Action, which Defendant received on June 8, 2020. (Burk Decl., ¶ 3, Ex. A.) This removal is filed within 30 days after service and receipt of a copy of the Summons and Complaint on Defendant and, thus, is timely. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6; *Wells v. Gateways Hosp. & Mental Health Ctr.*, 76 F.3d 390 (9th Cir. 1996). A copy of this Notice of Removal is being filed with the San Diego Superior Court and concurrently served on all counsel of record.

## II. Grounds for Removal

This Court has original jurisdiction over the Action under its federal question jurisdiction, 28 U.S.C. § 1331; and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453; as explained more fully below. Either is a proper basis for removal.

1. <u>The Action Presents a Federal Question</u>. Plaintiff alleges willful violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff asserts that

CoreLogic improperly provided to a potential creditor an alert relating to the Office of Foreign Assets Control's list of Specially Designated Nationals and Blocked Persons ("OFAC alert") when he applied for a home mortgage. (*See* Complaint ¶¶ 22–43.) Relatedly, he asserts that a later-prepared credit report prepared by CoreLogic omitted this OFAC alert. Plaintiff alleges that these actions violated both federal and state law. (*See* Complaint ¶¶ 60–100.) All causes of action rely on the same factual allegations and thus arise from the same "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Thus, this Court has jurisdiction over all claims based on its inherent power to exercise pendent jurisdiction. *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1359 (9th Cir. 1988).

  2. <u>The Action is a Putative Class Action</u>. A "class action," as defined by CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a). Plaintiff has filed the Action as a purported class action and identifies three distinct classes and three separate subclasses. (*See* Complaint ¶ 1, 51–59.) Therefore, the Action is properly considered a "class action" under CAFA.

    a. *Diversity of citizenship exists*. Under CAFA, diversity is satisfied when "any members of a class of plaintiffs is a citizen of a [s]tate different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). CoreLogic Credco, LLC is a Delaware limited liability company with its principal place of business in San Diego, California, (*see* Complaint ¶ 17), and, therefore, is a citizen of Delaware and California. Plaintiff is a resident of Maryland, (*see* Complaint ¶ 15), and therefore is a citizen of Maryland, and the proposed class definitions include "[a]ll individuals" relating to the allegations in the Complaint without any jurisdictional boundaries. (*See* Complaint ¶ 51.)

    b. *Amount in controversy is satisfied*. CAFA confers jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000 . . . ." 28 U.S.C. §1332(d)(2). Furthermore, "[i]n any class action, the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of

$5,000,000." 28 U.S.C. § 1332(d)(6). CoreLogic denies any liability on the Complaint and further denies that the Action may be certified as a class action. CoreLogic's denials notwithstanding, *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010), based on Plaintiff's asserted claims and as alleged by Plaintiff, the amount in controversy exceeds the amount of $5,000,000 in the aggregate, as follows:

      i.    Plaintiff, individually and on behalf of the putative class, alleges that CoreLogic provided credit reports containing inaccurate OFAC alerts purportedly in violation of state and federal law. Plaintiff further alleges that CoreLogic also failed to include notification of the OFAC alert in its reports provided to consumers.

      ii.    While Plaintiff does not allege a specific amount of damages suffered by the putative class (and while CoreLogic does not concede that Plaintiff or any class member are entitled to any recovery whatsoever), it is readily apparent from the Complaint that the amount in controversy is satisfied. Plaintiff, individually and on behalf of the putative class, seeks relief under the CCRAA, the FCRA, and the UCL, as set forth in his Complaint:

> Plaintiff and members of the Inaccurate Reporting Class are entitled to recover actual damages, punitive damages, injunctive relief, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31.
>
> Plaintiff and members of the Inaccurate Reporting FCRA Subclass are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n.
>
> Plaintiff and the Inaccurate Reporting UCL Subclass, the Failure to Disclose UCL Subclass, and Failure to Identify UCL Subclass are entitled to injunctive relief and to the recovery of attorneys' fees and costs.

(Complaint ¶¶ 64, 69, 100; *see also* ¶ 74 (seeking identical damages under the FCRA)). These statutes provide for actual damages pursuant to the CCRAA, Cal. Civ. Code § 1785.31(a)(2)(A) (including court costs, loss wages, attorney's fees, and pain and suffering); punitive damages of $100 to $5,000 pursuant to the CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B); statutory damages between $100 and $1,000 pursuant to the FCRA, 15 U.S.C. § 1681n(a)(1)(A); punitive damages pursuant to the FCRA, 15 U.S.C. § 1681n(a)(1)(B); and injunctive relief pursuant to the UCL, Cal.

Bus. & Prof. Code § 17203.  The Complaint alleges that "hundreds or thousands" of class members are eligible for relief, (Complaint ¶ 53), for activities up to "seven years predating" the Complaint, (*id.* ¶ 51), encompassing "all individuals who were the subjects of consumer reports furnished by Defendant" with no geographic restrictions, (*id.*).  Given that Plaintiff seeks actual damages, punitive damages, and statutory damages of up to $5,000 per each violation of the CCRAA and up to $1,000 for each violation of the FCRA, the amount in controversy as alleged in the Complaint—plus the value of any injunctive relief—greatly exceeds the minimum jurisdictional threshold of $5,000,000.  *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (using reasonable assumptions to assess damage exposure).

### III.   Conclusion

For the foregoing reasons, removal of this action to federal court is proper.

Dated:  July 6, 2020                                        HUESTON HENNIGAN LLP

By:  _____
     Josh Burk
     Attorney for Defendant
     CoreLogic Credco, LLC