# Exhibit A



**null / ALL**
**Transmittal Number: 21589145**
**Date Processed: 06/08/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Diana Maldonado<br>Corelogic<br>3001 Hackberry Rd<br>Irving, TX 75063-0156 |
| **Electronic copy provided to:** | Kim Tilo<br>Jeanette White<br>Legal Corelogic |

| | |
|---|---|
| **Entity:** | CoreLogic Credco, LLC<br>Entity ID Number  2381448 |
| **Entity Served:** | Corelogic Credco, LLC |
| **Title of Action:** | Marco A. Fernandez vs. Corelogic Credco, LLC |
| **Matter Name/ID:** | Marco A. Fernandez vs. Corelogic Credco, LLC (10287616) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2020-00018239-CU-MC-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/05/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Benjamin Galdston<br>619-489-0300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CORELOGIC CREDCO, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Marco A. Fernandez, individually and as a representative of the class

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/02/2020** at 08:00:00 AM

Clerk of the Superior Court
By Carla Brennan, Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court, Central Division-Hall of Justice
330 W. Broadway, San Diego, CA 92101

</td><td>

CASE NUMBER: *(Número del Caso):*
37-2020-00018239-CU-MC-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Benjamin Galdston, Esq., Berger Montague PC, 12544 High Bluff Drive, Suite 300, San Diego, CA 92130; Tel: (619) 489-0300

<table>
<tr><td>DATE:<br>*(Fecha)* 06/03/2020</td><td>Clerk, by<br>*(Secretario)* C. Brennan</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* CORELOGIC CREDCO, LLC

   under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [x] other *(specify):* LLC
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

| PLAINTIFF(S) / PETITIONER(S): | MARCO A FERNANDEZ |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | CoreLogic Credco LLC |
|---|---|

FERNANDEZ VS CORELOGIC CREDCO LLC [E-FILE]

| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2020-00018239-CU-MC-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Kenneth J Medel                                          Department: C-66

**COMPLAINT/PETITION FILED:** 06/02/2020

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 04/16/2021 | 08:30 am | C-66 | Kenneth J Medel |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings; probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 30 days.  After that time it will be destroyed and recycled.  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.**  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Benjamin Galdston (SBN 211114)
**BERGER MONTAGUE PC**
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
bgaldston@bm.net

E. Michelle Drake*
John G. Albanese*
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net
jalbanese@bm.net
*pro hac vice* forthcoming

*Attorneys for Plaintiff and the Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | |
|---|---|
| Marco A. Fernandez, individually and as a representative of the class, | Case No. 37-2020-00018239-CU-MC-CTL |
| Plaintiff, | CLASS ACTION |
| v. | **NOTICE OF PUNITIVE DAMAGES** |
| CoreLogic Credco, LLC, | |
| Defendant. | |

**NOTICE TO DEFENDANT CORELOGIC CREDCO, LLC AND ITS ATTORNEYS OF RECORD:**

Plaintiff Marco A. Fernandez, individually and as a representative of the class, seeks punitive damages in an amount to be determined pursuant to Cal. Civ. Code § 1785.31 and 15 U.S.C. § 1681n.

Dated: June 4, 2020

**BERGER MONTAGUE PC**

*/s/ Benjamin Galdston*
Benjamin Galdston (SBN 211114)
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Fax: (215) 875-4604
bgaldston@bm.net

E. Michelle Drake*
John G. Albanese*
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net
jalbanese@bm.net
**pro hac vice* forthcoming

*Attorneys for Plaintiff and the Class*



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2020-00018239-CU-MC-CTL     CASE TITLE: Fernandez vs CoreLogic Credco LLC [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME:         Central

PLAINTIFF(S):   MARCO A FERNANDEZ

DEFENDANT(S): CoreLogic Credco LLC

SHORT TITLE:   FERNANDEZ VS CORELOGIC CREDCO LLC [E-FILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2020-00018239-CU-MC-CTL |
|---|---|

Judge: Kenneth J Medel                                        Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                              Name of Defendant

_____        _____
Signature                                      Signature

_____        _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____        _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  06/03/2020                            _____
                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Benjamin Galdston (SBN 2111114)
Berger Montague PC
12544 High Bluff Drive, Suite 340, San Diego, CA 92130

TELEPHONE NO.: 619-489-0300   FAX NO. (Optional):
ATTORNEY FOR (Name): Plaintiff Marco A. Fernandez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
Marco A. Fernandez, individually and as a representative of the class, v. CoreLogic Credco, LLC

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/02/2020** at 08:00:00 AM

Clerk of the Superior Court
By Carla Brennan, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2020-00018239-CU-MC-CTL  Judge Kenneth J Medel |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [x] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): Seven
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 1, 2020

Benjamin Galdston
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**06/02/2020** at 08:00:00 AM

Clerk of the Superior Court
By Carla Brennan, Deputy Clerk

1   Benjamin Galdston (SBN 211114)
2   **BERGER MONTAGUE PC**
    12544 High Bluff Drive, Suite 340
3   San Diego, CA 92130
    Tel: (619) 489-0300
4   bgaldston@bm.net

5
    E. Michelle Drake*
6   John G. Albanese*
7   **BERGER MONTAGUE PC**
    43 SE Main Street, Suite 505
8   Minneapolis, MN 55414
    Tel: (612) 594-5999
9   Fax: (612) 584-4470
10  emdrake@bm.net
    jalbanese@bm.net
11  *pro hac vice* forthcoming

12  *Attorneys for Plaintiff*

13          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14                **COUNTY OF SAN DIEGO**

15  | Marco A. Fernandez, individually | Case No. 37-2020-00018239-CU-MC-CTL |
    | and as a representative of the class, | |
16  | | |
    | | **CLASS ACTION COMPLAINT** |
17  | Plaintiff, | **FOR DAMAGES** |
18  | | |
    | v. | **Violations of** |
19  | | (1) **Fair Credit Reporting Act,** |
    | CoreLogic Credco, LLC, | **15 U.S.C. § 1681,** *et seq.***;** |
20  | | (2) **California Credit Reporting** |
    | Defendant. | **Agencies Act, Cal. Civ. Code** |
21  | | **§ 1785.1,** *et seq.***; and** |
22  | | (3) **California Unfair Competition** |
    | | **Law, Cal. Bus. & Prof. Code** |
23  | | **§ 17200,** *et seq.* |
24  | | |
25  | | **DEMAND FOR JURY TRIAL** |

26

27

28

CLASS ACTION COMPLAINT - 1

COMES NOW, Plaintiff Marco A. Fernandez ("Plaintiff"), on behalf of himself and the classes set forth below, and states as follows:

## INTRODUCTION

1.     This is a class action for damages, costs, and attorneys' fees brought against Defendant CoreLogic Credco, LLC ("Defendant" or "CoreLogic") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785.1, *et seq.* ("CCRAA") and the California Unfair Competition Law, CAL. BUS. & PROF. CODE, § 17200, *et seq*. ("UCL").

2.     Defendant is a consumer reporting agency based in California that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to mortgage brokers, landlords, and management companies who use the reports to make decisions regarding prospective borrowers and tenants.

3.     In October 2019, Plaintiff applied for a mortgage as part of the home-buying process. In connection with his application, Pulte Mortgage LLC ("Pulte") requested a credit report from Defendant. The report provided by Defendant to Pulte was inaccurate.

4.     Defendant inaccurately reported that Plaintiff was a person on the United States Department of the Treasury, Office of Foreign Assets Control's list of Specially Designated Nationals and Blocked Persons ("OFAC-SDN & Blocked Persons List"). Defendant's report included a record that belongs to "Mario Alberto Fernandez Santana," a resident of Mexico, whose date of birth is in May 1977.

5.     Contrary to the report, Plaintiff is not this individual. Even a rudimentary review of the record would reveal that Mario Alberto Fernandez Santana has a completely different name than Plaintiff. The date of birth and address associated with Mario Alberto Fernandez Santana also differ vastly from

1  Plaintiff's date of birth and address.

2     6.    When Plaintiff took steps to dispute the inaccurate report, sending a

3  letter via Certified U.S. Mail identifying the inaccurate record and requesting

4  CoreLogic correct the report, CoreLogic did not respond.

5     7.    Plaintiff later requested his consumer file from CoreLogic.

6  CoreLogic's response did not include any information it reported to Pulte about

7  Plaintiff being on the OFAC-SDN & Blocked Persons List.  Nor did the response

8  indicate that any report had been provided to Pulte.

9     8.    By issuing an inaccurate report about Plaintiff, Defendant violated

10  § 1681e(b) of the FCRA and § 1785.14(b) of the CCRAA which require consumer

11  reporting agencies to "follow reasonable procedures to assure maximum possible

12  accuracy of the information concerning the individual about whom the report

13  relates." 15 U.S.C. § 1681e(b); CAL. CIV. CODE § 1785.14(b).  As is evident from

14  its decision to match Plaintiff with someone who has a different name, different

15  date of birth, and different address than he has, Defendant does not employ

16  reasonable procedures to ensure the maximum possible accuracy of its reports.

17  Defendant's failure to employ reasonable procedures resulted in Plaintiff's report

18  being inaccurate.

19     9.    By not responding to Plaintiff's dispute, Defendant violated § 1681i of

20  the FCRA and § 1785.16 of the CCRAA which require that consumer reporting

21  agencies conduct a reasonable reinvestigation to determine whether information

22  disputed by consumers is inaccurate, and record the current status of the disputed

23  information, or delete it, within thirty (30) days of receipt of notice of the dispute

24  from a consumer.    15 U.S.C. § 1681i(a)(1)(A); CAL. CIV. CODE § 1785.16.

25  Defendant also violated § 1681i(a)(6) of the FCRA by failing to provide Plaintiff

26  with a timely written notice of the results of the reinvestigation.

27     10.    By omitting the information it had reported to Pulte which falsely

28

CLASS ACTION COMPLAINT - 3

stated Plaintiff was on the OFAC-SDN & Blocked Persons List, Defendant also violated § 1681g(a) of the FCRA because Defendant failed to provide Plaintiff with all information in his consumer file upon request.

11.     By failing to identify Pulte, Defendant also violated 15 U.S.C. § 1681g(a)(3)(A) which requires that consumer reporting agencies provide the "identification of each person . . . that procured a consumer report . . . during the 1-year period preceding the date on which the request is made."

12.     As a result of Defendant's inaccurate reporting and failure to fix the report or disclose that it had reported such inaccurate information, Plaintiff suffered distress and embarrassment and damage to his reputation, and is concerned that the inaccurate reporting could reoccur.

13.     On behalf of himself, and classes of similarly situated individuals, Plaintiff brings claims pursuant to 15 U.S.C. § 1681e(b), CAL. CIV. CODE § 1785.14(b), 15 U.S.C. § 1681g(a), and the UCL.

14.     Plaintiff also brings an individual claim for Defendant's violation of 15 U.S.C. § 1681i(a)(1)(A) and CAL. CIV. CODE § 1785.16.

## PARTIES

15.     Individual and representative Plaintiff Marco A. Fernandez is a resident of Hanover, Maryland.

16.     Plaintiff is a natural person.

17.     Defendant CoreLogic Credco, LLC is a Delaware limited liability company with its principal office located at 10277 Scripps Ranch Blvd., San Diego, California.  CoreLogic Credco is the largest provider of "merged credit reports in the United States" and supplies information to "19 of the top 20 mortgage lenders." https://www.corelogic.com/solutions/credit-solutions-mortgage.aspx.

18.     Defendant is a "consumer reporting agency," as defined in the FCRA and CCRAA.  CoreLogic regularly engages in the business of assembling,

evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties

## JURISDICTION AND VENUE

19.     The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and CAL. CIV. PROC. CODE § 410.10.

20.     The Court has personal jurisdiction over Defendant.  Defendant has its principal office in this District, and conducts business in this District, including issuing consumer reports on residents in this District, and delivers them to prospective mortgage brokers, landlords and management companies in this District.

21.     Venue is proper in San Diego County because Defendant is headquartered in this county.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

22.     In October 2019, Plaintiff began the process of purchasing a house. As part of the process, Plaintiff applied for a mortgage from Pulte.

23.     In processing the mortgage application, a representative of Pulte requested a consumer report from Defendant.

24.     On or around October 18, 2019, Defendant prepared a consumer report regarding Plaintiff and furnished the report to Pulte for a fee.

25.     The consumer report sold by Defendant contained inaccurate information relating to Plaintiff.

26.     The report included a section for "Credco ProScan OFAC Report." That section's "OFAC Search Results" falsely reported that Plaintiff was a match to a suspected narcotic trafficker included on the OFAC–SDN & Blocked Persons List.

27.     Individuals and businesses in the United States are generally prohibited from conducting business with anyone on the OFAC–SDN & Blocked

1    Persons List. *See, e.g.*, 31 C.F.R. § 536.201.

2    28.    The OFAC–SDN & Blocked Persons List is publicly available through

3    the United States Department of the Treasury, Office of Foreign Assets Control

4    website,    https://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/

5    default.aspx.

6    29.    The OFAC–SDN & Blocked Persons List is searchable online and is

7    also downloadable in both PDF and TEXT format.

8    30.    Plaintiff is not, and never has been, on the OFAC–SDN & Blocked

9    Persons List.

10    31.    Defendant reported "Mario Alberto Fernandez Santana" as the name

11    on the OFAC–SDN & Blocked Persons List and associated a "DOB" of "1977-05"[1]

12    and an address in "Zapopan, Jalisco, Mexico" with that name.

13    32.    Plaintiff's full name is Marco Antonio Fernandez.  The reported name

14    on OFAC–SDN & Blocked Persons List has an entirely different first name (Mario)

15    and middle name (Alberto), and has two surnames (Fernandez Santana).  Defendant

16    was aware of Plaintiff's full name, as listed in the "Identification Information"

17    section of the report.

18    33.    The reported date of birth of May 1977 also differs from Plaintiff's

19    date of birth in that it is a different month, day, and year.  Defendant was aware of

20    Plaintiff's full date of birth, as listed in the "Identification Information" section of

21    the report.

22    34.    Plaintiff has never lived in Mexico.  Defendant was aware that Plaintiff

23    never resided in Mexico.  Defendant's report contains an address history for

24    Plaintiff but lists no addresses in Mexico for Plaintiff under the "Address

25

---

26    [1] The report contained a full date of birth here, but as this is a publicly-filed
27    pleading, Plaintiff has removed the specific day of birth information.  Plaintiff is
      able to provide the full date of birth reported to the Court upon request.
28

1   Information" section.

2      35.    Defendant should have known that the name on the OFAC–SDN &

3   Blocked Persons List is not the same as Plaintiff's name. Plaintiff's name is clearly

4   stated throughout the report under "Applicant Information" as "Fernandez, Marco"

5   and as "Fernandez, Marco Antonio" in the "Identification Information" section.  In

6   addition to the obvious name mismatch, a simple review would have revealed that

7   the date of birth and address are not a match to Plaintiff.

8      36.    After receiving a copy of Defendant's grossly inaccurate report from

9   Pulte, Plaintiff was alarmed that his potential lender was informed that he was listed

10  on the OFAC–SDN & Blocked Persons List.

11     37.    Plaintiff disputed the contents of his report with Defendant, via

12  Certified U.S. Mail, marked as delivered to Defendant on November 8, 2019.

13  Defendant never responded to Plaintiff's dispute.

14     38.    In February 2020, Plaintiff, through counsel, requested his full

15  consumer file and any consumer reports issued by Defendant regarding Plaintiff.

16  The request was sent with a signed authorization by Plaintiff authorizing his counsel

17  to make such a request, and a picture of Plaintiff's driver's license.   The

18  authorization requested that Defendant send the consumer file to Plaintiff's counsel.

19     39.    Defendant responded to Plaintiff's counsel that it needed a "written

20  authorization that specifically instructs Credco to provide a copy of the consumer

21  report directly to you."  The authorization "must include the signature and seal of a

22  notary public and your client's Social Security number."  Alternatively, Defendant

23  stated that it could "send a copy of the consumer report directly to your client."

24  Plaintiff's counsel requested that the report be sent directly to Plaintiff.

25     40.    Defendant then sent a letter to Plaintiff requesting that Plaintiff send

26  in a copy of a utility bill to Defendant before it would send him his report.  Plaintiff

27  faxed his utility bill to Defendant.

28

CLASS ACTION COMPLAINT - 7

1    41.    Defendant sent Plaintiff a copy of his "consumer report."  However,
2    the report did not contain any OFAC-SDN information.  Nor did the report show
3    that Pulte had pulled his consumer report.

4    42.    Plaintiff contemplates purchasing real estate in the next few years and
5    obtaining a mortgage loan.

6    43.    Given Defendant's failure to correct Plaintiff's report, Defendant's
7    misleading failure to include the OFAC-SDN information in the file disclosure it
8    sent to Plaintiff, Defendant's misleading failure to identify all entities to whom it
9    previously sent reports, and Defendant's prominent role in the mortgage lending
10   market, Plaintiff is at risk of this inaccurate reporting recurring in the future.

11
12   **FACTS DEMONSTRATING THAT DEFENDANT
WILLFULLY FAILED TO USE REASONABLE PROCEDURES
TO ASSURE MAXIMUM POSSIBLE ACCURACY**
13

14   44.    If Defendant had reasonable procedures to assure maximum possible
15   accuracy, it would have determined that the information in Plaintiff's consumer
16   report belonged to someone else with a partially similar name.

17   45.    But instead, Defendant erroneously matched Plaintiff with a suspected
18   terrorist with a different name, date of birth, and address.

19   46.    Defendant could have and should have checked the OFAC–SDN &
20   Blocked Persons List, which is readily available online, prior to issuing its report.
21   If it had done so, it would have discovered that a search for Plaintiff's actual name,
22   Marco Antonio Fernandez, returns no results.

23   47.    The dangers of erroneous matching of persons with suspected
24   terrorists on the OFAC–SDN & Blocked Persons List are well recognized in the
25   tenant screening industry.  In 2017, a jury awarded $60 million to a class of persons
26   who had been mismatched to the List by Trans Union.  *Ramirez v. Trans Union,*
27   *LLC,* 3:12-cv-632 (N.D. Cal.).  The Ninth Circuit substantially upheld the jury's

28

verdict. And nearly a decade ago, the Third Circuit Court of Appeals upheld a jury verdict for mismatching an individual to the List and refusing to provide the reported OFAC-SDN information. *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010).

48.     It is also well-recognized that failing to require actual name matches is inconsistent with reasonable procedures to ensure maximum possible accuracy. *In re Gen. Info. Servs., Inc.*, No. 2015-CFPB-0028, Consent Order ¶¶ 10-12 (C.F.P.B. Oct. 29, 2015).

49.     In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

    a. Defendant is a corporation with access to legal advice through its own general counsel's office and outside litigation counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

    b. Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, caselaw, and the plain language of the FCRA. Defendant was aware or should have been aware of the risks of its policies as identified in *Ramirez, Cortez* and *In re Gen. Info. Servs*. Defendant was also aware of problems with its matching procedures as a result of disputes, including Plaintiff's dispute, which it failed to address;

    c. Defendant voluntarily ran a risk of violating the law which was substantially greater than the risk associated with a reading that was merely careless;

    d. Defendant knew that matching individuals using name only or a common name match would result in false positives. However, it persisted in doing so;

e.  If Defendant had reviewed its own report or consulted with the publicly available database, it would have been obvious that Plaintiff was not a match to the individual on the OFAC–SDN & Blocked Persons List; and

f.  Defendant's violations of the FCRA and CCRAA were repeated and systematic.

50.     At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA and CCRAA.  Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings his claims on behalf of himself individually, and, pursuant to CAL. CIV. PROC. CODE § 382, on behalf of following classes, defined as:

**Inaccurate Reporting Class**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the seven years predating the filing of this Complaint and continuing through the date the class list is prepared.

**Inaccurate Reporting FCRA Subclass**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record

information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

**Inaccurate Reporting UCL Subclass**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the four years predating the filing of this Complaint and continuing through the date the class list is prepared.

**Failure to Disclose Class**

All individuals (1) who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not disclose the OFAC/SDN information. The class period is all persons who made requests to Defendant in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

**Failure to Identify Class**

All individuals (1) who were the subjects of consumer reports furnished by Defendant (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not identify the user that procured the consumer report within the one-year period on which the request was made. The class period is all persons who made requests to Defendant in the five years predating the filing of this Complaint and continuing

through the date the class list is prepared.

**Failure to Disclose UCL Subclass**

All individuals (1) who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not disclose the OFAC/SDN information. The class period is all persons who made requests to Defendant in the four years predating the filing of this Complaint and continuing through the date the class list is prepared.

**Failure to Identify UCL Subclass**

All individuals (1) who were the subjects of consumer reports furnished by Defendant (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not identify the user that procured the consumer report within the one-year period on which the request was made. The class period is all persons who made requests to Defendant in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

52. The Class satisfies the requirements of CAL. CIV. PROC. CODE § 382 as there is a well-defined community of interest in the litigation and the proposed Classes are ascertainable from Defendant's records.

53. <u>Numerosity</u>: The Class is so numerous that joinder of all class members is impracticable. Given the volume of Defendant's business, there are hundreds or thousands of class members.

54. <u>Commonality</u>: This case presents common questions of law and fact, including but not limited to:

a) Whether Defendant violated the FCRA by failing to follow reasonable procedures to ensure maximum possible accuracy of the information

contained in consumers' reports with respect to the OFAC–SDN & Blocked Persons information;

b) Whether Defendant violated the CCRAA by failing to follow reasonable procedures to ensure maximum possible accuracy of the information contained in consumers' reports with respect to the OFAC–SDN & Blocked Persons information;

c) Whether Defendant violated 15 U.S.C. § 1681g(a) by not disclosing OFAC–SDN & Blocked Persons information in response to consumer requests;

d) Whether Defendant violated 15 U.S.C. § 1681g(a) by not disclosing each person that procured a report during the previous year in response to consumer requests;

e) Whether Defendant's conduct was unlawful, unfair, or fraudulent under the UCL;

f) Whether Defendant's violations of the FCRA and CCRAA were willful;

g) The proper scope of injunctive relief; and

h) The proper measure of damages.

55.     Typicality: Plaintiff's claims are typical of the members of the Classes. It is typical for Defendant to match consumers to public records using only a name or common name. The FCRA, CCRAA, and UCL violations suffered by Plaintiff are typical of those suffered by other Class members, and Defendant treated Plaintiff consistently with other Class members in accordance with its standard policies and practices.

56.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Class because he and his experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the Classes.

57.     Class certification is appropriate under CAL. CIV. PROC. CODE § 382 because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the CCRAA, FCRA, and UCL.  Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

58.     In view of the complexities of the issues and the expenses of litigation, the separate claims of individual Class members are insufficient in amount to support separate actions.

59.     Yet, the amount which may be recovered by individual Class members will be large enough in relation to the expense and effort of administering the action to justify a class action.  The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

**COUNT I**
**CAL. CIV. CODE § 1785.14(b)**
**On behalf of Plaintiff Individually and on Behalf**
**of the Inaccurate Reporting Class**

60.     Plaintiff reiterates each of the allegations in the preceding paragraphs

as if set forth at length herein.

61.    Defendant violated CAL. CIV. CODE § 1785.14(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and members of the Class.   For example, Defendant misidentified Plaintiff as a suspected terrorist and/or narcotic trafficker based solely on a name-only match, without verifying other data points, or consulting with publicly available online records.

62.    The foregoing violations were negligent and/or willful.   Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and other class members under CAL. CIV. CODE § 1785.14(b).

63.    As a result of Defendant's conduct, Plaintiff and Class members suffered actual damages including, but not limited to, denial of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

64.    Plaintiff and members of the Inaccurate Reporting Class are entitled to recover actual damages, punitive damages, injunctive relief, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to CAL. CIV. CODE § 1785.31.

### COUNT II
### 15 U.S.C. § 1681e(b)
### On behalf of Plaintiff Individually and on Behalf
### of the Inaccurate Reporting FCRA Subclass

65.    Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

66.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and members of the Class.   For example, Defendant misidentified Plaintiff as a suspected terrorist

1  and/or narcotic trafficker based solely on a name-only match, without verifying
2  other data points, or consulting with publicly available online records.

3      67.    The foregoing violations were negligent and/or willful. Defendant
4  acted in knowing or reckless disregard of its obligations and the rights of Plaintiff
5  and other Class members under 15 U.S.C. § 1681e(b).

6      68.    As a result of Defendant's conduct, Plaintiff and Class members
7  suffered actual damages including, but not limited to, impairment to credit, damage
8  to reputation, embarrassment, humiliation and other mental and emotional distress.

9      69.    Plaintiff and members of the Inaccurate Reporting FCRA Subclass are
10 entitled to recover actual damages and/or statutory damages, punitive damages,
11 costs and attorneys' fees from the Defendant in an amount to be determined by the
12 Court pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n.

13                          **COUNT III**
                        **15 U.S.C. § 1681g(a)**
14        **On behalf of Plaintiff Individually and on Behalf**
15  **of the Failure to Disclose Class and the Failure to Identify Class**

16     70.    Plaintiff reiterates each of the allegations in the preceding paragraphs
17 as if set forth at length herein.

18     71.    Defendant violated 15 U.S.C. § 1681g(a) by failing to disclose upon
19 request "all information in the consumer's file" and the identification of each person
20 that had requested Plaintiff's consumer report in the preceding year before the
21 request was made.

22     72.    The foregoing violations were negligent and/or willful. Defendant
23 acted in knowing or reckless disregard of its obligations and the rights of Plaintiff
24 and other Class members under 15 U.S.C. § 1681g(a).

25     73.    As a result of Defendant's conduct, Plaintiff and Class members were
26 deprived of information regarding the contents of their consumer files and the
27 entities that had requested their reports.

28

74.   Plaintiff and members of the Classes are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT IV
### 15 U.S.C. § 1681i(a)(1)(A)
### On behalf of Plaintiff Individually

75.   Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

76.   Defendant violated 15 U.S.C. § 1681i(a) by failing to conduct a reinvestigation to determine if the information it reported was accurate, and by failing to correct inaccurate information.

77.   The foregoing violation was negligent and/or willful.  Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681i(a)(1)(A).

78.   As a result of Defendant's conduct, Plaintiff suffered actual damages including frustration, annoyance, anger and other distress.

79.   Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT V
### CAL. CIV. CODE § 1785.16(a)
### On behalf of Plaintiff Individually

80.   Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

81.   Defendant violated CAL. CIV. CODE § 1785.16(a) by failing to conduct a reinvestigation to determine if the information it reported was accurate, and by

1  failing to correct inaccurate information.

2      82.    The foregoing violation was negligent and/or willful.  Defendant acted
3  in knowing or reckless disregard of its obligations and the rights of Plaintiff under
4  CAL. CIV. CODE § 1785.16(a).

5      83.    As a result of Defendant's conduct, Plaintiff suffered actual damages
6  including frustration, annoyance, anger and other distress.

7      84.    Plaintiff is entitled to recover actual damages and/or statutory
8  damages, punitive damages, costs and attorneys' fees from the Defendant in an
9  amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

10                          **COUNT VI**
11                   **15 U.S.C. § 1681i(a)(6)(A)**
12                **On behalf of Plaintiff Individually**

13     85.    Plaintiff reiterates each of the allegations in the preceding paragraphs
14  as if set forth at length herein.

15     86.    Defendant violated 15 U.S.C. § 1681i(a)(6)(A) by failing to provide
16  written notice to Plaintiff of the results of the reinvestigation within five business
17  days.

18     87.    The foregoing violation was negligent and/or willful.  Defendant acted
19  in knowing or reckless disregard of its obligations and the rights of Plaintiff under
20  15 U.S.C. § 1681i(a)(6)(A).

21     88.    As a result of Defendant's conduct, Plaintiff suffered actual damages
22  including frustration, annoyance, anger and other distress.

23     89.    Plaintiff is entitled to recover actual damages and/or statutory
24  damages, punitive damages, costs and attorneys' fees from the Defendant in an
25  amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

26

27

28

---

**CLASS ACTION COMPLAINT - 18**

**COUNT VII**
CAL. BUS. & PROF. CODE § 17200, *et seq.*
**On behalf of Plaintiff Individually and the Inaccurate
Reporting UCL Subclass, the Failure to Disclose UCL Subclass,
and the Failure to Identify UCL Subclass**

90.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

91.     By asserting Plaintiff was a terrorist, and failing to provide information in response to a disclosure request, Defendant diminished Plaintiff's credit opportunity and deprived him of information relevant to his credit prospects.

92.     Defendant's inaccurate reporting and inaccurate disclosures constituted unlawful, unfair, and fraudulent business practices.

93.     Defendant's practices were unlawful because they violate the FCRA and CCRAA.

94.     Both the FCRA and CRRA requited Defendant to follow reasonable procedure to assure maximum possible accuracy of the information it reported. 15 U.S.C. § 1681e(b); CAL. CIV. CODE § 1785.14(b).   As described above, Defendant violated these provisions.

95.     Further, the FCRA required Defendant to disclose the information it reported to Pulte and disclose the fact that it reported information to Pulte. 15 U.S.C. § 1681g(a).

96.     Defendant's practices were also unfair, because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers to match terrorist records based on insufficient criteria, and to further fail to provide adequate disclosures about what information was reported and to whom that information was reported.

97.     Defendant's practices were fraudulent because the report recipients were deceived and/or were likely to be deceived by Defendant's inaccurate

representations that Plaintiff and Class members were likely terrorists, and by Defendant's incomplete disclosures regarding what information was reported to whom that information was reported.

98.    The harm caused by these business practices vastly outweighs any legitimate utility they possible could have.

99.    Because Plaintiff will seek a mortgage in the future, and because of the ubiquity of Defendant's reports in mortgage screening, there is a real and immediate threat that Plaintiff will suffer the same injury with respect to future rental applications.

100.    Plaintiff and the Inaccurate Reporting UCL Subclass, the Failure to Disclose UCL Subclass, and Failure to Identify UCL Subclass are entitled to injunctive relief and to the recovery of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, seek the following relief:

    a. Determining that this action may proceed as a class action under CAL. CIV. PROC. CODE § 382.

    b. Designating Plaintiff as the class representative for the Classes;

    c. Designating Plaintiff's Counsel as counsel for the Classes;

    d. Issuing proper notice to the Class at Defendant's expense;

    e. Declaring that Defendant committed multiple, separate violations of the FCRA, CCRAA, and UCL;

    f. Declaring that Defendant acted negligently, willfully, and in deliberate or reckless disregard of the rights of Plaintiff and the Class under the FCRA, CCRAA, and UCL;

    g. Awarding actual and/or statutory damages as provided by the FCRA and CCRAA;

h.  Awarding punitive damages;

i.  Granting appropriate injunctive relief;

j.  Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA, CCRAA, and UCL; and

k.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues triable by a jury.


Dated: June 1, 2020                        Respectfully submitted,

                                           */s/ Benjamin Galdston*

                                           Benjamin Galdston (SBN 211114)
                                           **BERGER MONTAGUE PC**
                                           12544 High Bluff Drive, Suite 340
                                           San Diego, CA 92130
                                           Tel: (619) 489-0300
                                           Fax: (215) 875-4604
                                           bgaldston@bm.net

                                           E. Michelle Drake*
                                           John G. Albanese*
                                           **BERGER MONTAGUE PC**
                                           43 SE Main Street, Suite 505
                                           Minneapolis, MN 55414
                                           Tel: (612) 594-5999
                                           Fax: (612) 584-4470
                                           emdrake@bm.net
                                           jalbanese@bm.net
                                           **pro hac vice* forthcoming

                                           *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT - 21