Benjamin Galdston (SBN 211114)
**BERGER MONTAGUE PC**
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Fax: (215) 875-4604
bgaldston@bm.net

E. Michelle Drake, MN Bar No. 0387366*
John G. Albanese, MN Bar No. 0395882*
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net
jalbanese@bm.net
*pro hac vice*

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Marco A. Fernandez, individually and as a representative of the class,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CoreLogic Credco, LLC,**<br><br>**Defendant.** | Case No. 3:20-cv-1262-JM-AGS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Violations of**<br>(1) **Fair Credit Reporting Act, 15 U.S.C. § 1681**, *et seq.*;<br>(2) **California Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1**, *et seq.*; and<br>(3) **California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200**, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Marco A. Fernandez ("Plaintiff"), on behalf of himself and the classes set forth below, and states as follows:

## INTRODUCTION

1.     This is a class action for damages, costs, and attorneys' fees brought against Defendant CoreLogic Credco, LLC ("Defendant" or "CoreLogic") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785.1, *et seq.* ("CCRAA") and the California Unfair Competition Law, CAL. BUS. & PROF. CODE, § 17200, *et seq.* ("UCL").

2.     Defendant is a consumer reporting agency based in California that compiles and maintains files on consumers on a nationwide basis.  It sells consumer reports generated from its database and furnishes these consumer reports to mortgage brokers, landlords, and management companies who use the reports to make decisions regarding prospective borrowers and tenants.

3.     In October 2019, Plaintiff applied for a mortgage as part of the home-buying process.  In connection with his application, Pulte Mortgage LLC ("Pulte") requested a credit report from Defendant.  The report provided by Defendant to Pulte was inaccurate.

4.     Defendant inaccurately reported that Plaintiff was a person on the United States Department of the Treasury, Office of Foreign Assets Control's list of Specially Designated Nationals and Blocked Persons ("OFAC-SDN & Blocked Persons List").  Defendant's report included a record that belongs to "Mario Alberto Fernandez Santana," a resident of Mexico, whose date of birth is in May 1977.

5.     Contrary to the report, Plaintiff is not this individual.  Even a rudimentary review of the record would reveal that Mario Alberto Fernandez Santana has a completely different name than Plaintiff.  The date of birth and address associated with Mario Alberto Fernandez Santana also differ vastly from

1    Plaintiff's date of birth and address.

2        6.      When Plaintiff took steps to dispute the inaccurate report, sending a

3    letter via Certified U.S. Mail identifying the inaccurate record and requesting

4    CoreLogic correct the report, CoreLogic did not respond.

5        7.      Plaintiff later requested his consumer file from CoreLogic.

6    CoreLogic's response did not include any information it reported to Pulte about

7    Plaintiff being on the OFAC-SDN & Blocked Persons List.  Nor did the response

8    indicate that any report had been provided to Pulte.

9        8.      By issuing an inaccurate report about Plaintiff, Defendant violated

10   § 1681e(b) of the FCRA and § 1785.14(b) of the CCRAA which require consumer

11   reporting agencies to "follow reasonable procedures to assure maximum possible

12   accuracy of the information concerning the individual about whom the report

13   relates." 15 U.S.C. § 1681e(b); CAL. CIV. CODE § 1785.14(b).  As is evident from

14   its decision to match Plaintiff with someone who has a different name, different

15   date of birth, and different address than he has, Defendant does not employ

16   reasonable procedures to ensure the maximum possible accuracy of its reports.

17   Defendant's failure to employ reasonable procedures resulted in Plaintiff's report

18   being inaccurate.

19

20       9.      By not responding to Plaintiff's dispute, Defendant violated § 1681i of

21   the FCRA and § 1785.16 of the CCRAA which require that consumer reporting

22   agencies conduct a reasonable reinvestigation to determine whether information

23   disputed by consumers is inaccurate, and record the current status of the disputed

24   information, or delete it, within thirty (30) days of receipt of notice of the dispute

25   from a consumer.   15 U.S.C. § 1681i(a)(1)(A); CAL. CIV. CODE § 1785.16.

26   Defendant also violated § 1681i(a)(6) of the FCRA by failing to provide Plaintiff

27   with a timely written notice of the results of the reinvestigation.

28       10.     By omitting the information it had reported to Pulte, which falsely

stated Plaintiff was on the OFAC-SDN & Blocked Persons List, Defendant also violated § 1681g(a) of the FCRA because Defendant failed to provide Plaintiff with all information in his consumer file upon request.

11.     By failing to identify Pulte, Defendant also violated 15 U.S.C. § 1681g(a)(3)(A) which requires that consumer reporting agencies provide the "identification of each person . . . that procured a consumer report . . . during the 1-year period preceding the date on which the request is made."

12.     As a result of Defendant's inaccurate reporting and failure to fix the report or disclose that it had reported such inaccurate information, Plaintiff suffered distress and embarrassment, damage to his reputation, and is concerned that the inaccurate reporting could recur.

13.     On behalf of himself, and classes of similarly situated individuals, Plaintiff brings claims pursuant to 15 U.S.C. § 1681e(b), CAL. CIV. CODE § 1785.14(b), 15 U.S.C. § 1681g(a), and the UCL.

14.     Plaintiff also brings an individual claim for Defendant's violation of 15 U.S.C. § 1681i(a)(1)(A) and CAL. CIV. CODE § 1785.16.

## PARTIES

15.     Individual and representative Plaintiff Marco A. Fernandez is a resident of Hanover, Maryland.

16.     Plaintiff is a natural person.

17.     Defendant CoreLogic Credco, LLC is a Delaware limited liability company with its principal office located at 10277 Scripps Ranch Blvd., San Diego, California.  CoreLogic is the largest provider of "merged credit reports in the United States" and supplies information to "19 of the top 20 mortgage lenders." https://www.corelogic.com/solutions/credit-solutions-mortgage.aspx.

18.     According to a declaration submitted by Defendant in *King v. CoreLogic Credco, LLC*, Case No. 17cv761 (E.D. Va.), Defendant's executive

leadership team (with the exception of one individual) is based in San Diego, California, and its management-level employees are all based in San Diego, California. Defendant's information technology operations used to generate its reports, servers, and related personnel are based in San Diego. The employees who maintain Defendant's servers and technical documents are also based in San Diego. In total, 214 of Defendant's 322 employees are based in San Diego.

19.     Defendant's policies and procedures at issue in this case were developed, designed, and implemented in California.

20.     Defendant is a "consumer reporting agency," as defined in the FCRA and CCRAA.    CoreLogic regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties.

## JURISDICTION AND VENUE

21.     Plaintiff initially filed this case in San Diego Superior Court. Defendant removed the complaint asserting jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1453.  (ECF No. 1.)

22.     The Court has personal jurisdiction over Defendant.  Defendant has its principal office in this District, and conducts business in this District, including issuing consumer reports on residents in this District, and delivers them to prospective mortgage brokers, landlords and management companies in this District.

23.     Venue is appropriate under 28 U.S.C. § 1441(a).

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

24.     In October 2019, Plaintiff began the process of purchasing a house. As part of the process, Plaintiff applied for a mortgage from Pulte.

25.     In processing the mortgage application, a representative of Pulte

requested a consumer report from Defendant.

26.     On or around October 18, 2019, Defendant prepared a consumer report regarding Plaintiff and furnished the report to Pulte for a fee.

27.     The report states that it was prepared by "CoreLogic Credco" with an address in San Diego, California.   The report was generated, assembled, and disseminated from California.

28.     The report contains sections which are different credit reporting products: the "Credco Instant Merge Credit Report," "Credit Score Disclosure," and "Credco ProScan OFAC Report."

29.     The Credco Instant Merge Credit Report and Credit Score Disclosure purport to contain information from consumer reporting agencies Experian, Equifax, and Trans Union.   The Credco ProScan OFAC Report does not indicate that any of the data on the report came from any other consumer reporting agencies.

30.     Because the information on the Credco ProScan OFAC Report does not come from other consumer reporting agencies, Defendant is not a "reseller" as that term is defined in 15 U.S.C. § 1681a(u) with respect to the Credco ProScan OFAC Report.

31.     According to Defendant, "ProScan OFAC automatically checks all of your applicants against the OFAC database, and within seconds, returns easy-to-review results."   Defendant also claims to have "[a]dvanced match logic" that "reduces the likelihood of false positives."[1]

32.     The Credco ProScan OFAC Report's "OFAC Search Results" falsely reported that Plaintiff was a match to a suspected narcotics trafficker included on the OFAC-SDN & Blocked Persons List.

33.     Individuals and businesses in the United States are generally

---

[1] https://www.corelogic.com/downloadable-docs/proscan-ofac.pdf

1
2
prohibited from conducting business with anyone on the OFAC-SDN & Blocked Persons List.  *See*, *e.g.*, 31 C.F.R. § 536.201.

3
4
5
6
34.   The OFAC-SDN & Blocked Persons List is publicly available through the United States Department of the Treasury, Office of Foreign Assets Control website,   https://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/default.aspx.

7
8
35.   The OFAC-SDN & Blocked Persons List is searchable online and is also downloadable in both PDF and TEXT format.

9
10
11
36.   Plaintiff is not, and never has been, on the OFAC-SDN & Blocked Persons List.

12
13
14
37.   Defendant reported "Mario Alberto Fernandez Santana" as the name on the OFAC-SDN & Blocked Persons List and associated a "DOB" of "1977-05"[2] and an address in "Zapopan, Jalisco, Mexico" with that name.

15
16
17
18
19
38.   Plaintiff's full name is Marco Antonio Fernandez.  The reported name on the OFAC-SDN & Blocked Persons List has an entirely different first name (Mario) and middle name (Alberto), and has two surnames (Fernandez Santana). Defendant was aware of Plaintiff's full name, as listed in the "Identification Information" section of the report.

20
21
22
23
39.   The reported date of birth of May 1977 also differs from Plaintiff's date of birth in that it is a different month, day, and year.  Defendant was aware of Plaintiff's full date of birth, as listed in the "Identification Information" section of the report.

24
25
26
40.   Plaintiff has never lived in Mexico.  Defendant was aware that Plaintiff never resided in Mexico.   Defendant's report contains an address history for

27
28
[2] The report contained a full date of birth here, but as this is a publicly-filed pleading, Plaintiff has removed the specific day of birth information.  Plaintiff is able to provide the full date of birth reported to the Court upon request.

Plaintiff but lists no addresses in Mexico for Plaintiff under the "Address Information" section.

41.     Defendant should have known that the name on the OFAC-SDN & Blocked Persons List is not the same as Plaintiff's name.  Plaintiff's name is clearly stated throughout the report under "Applicant Information" as "Fernandez, Marco" and as "Fernandez, Marco Antonio" in the "Identification Information" section.  In addition to the obvious name mismatch, a simple review would have revealed that the date of birth and address are not a match to Plaintiff.

42.     After receiving a copy of Defendant's grossly inaccurate report from Pulte, Plaintiff was alarmed that his potential lender was informed that he was listed on the OFAC-SDN & Blocked Persons List.   Plaintiff also felt distress, embarrassment, anger, and frustration that Defendant had falsely accused him of being a terrorist.

43.     Plaintiff disputed the contents of his report with Defendant, via Certified U.S. Mail, marked as delivered to Defendant on November 8, 2019. Defendant's consumer relations department is located in San Diego.   Plaintiff mailed the dispute to Defendant's consumer relations department in San Diego. Defendant never responded to Plaintiff's dispute.

44.     In February 2020, Plaintiff, through counsel, requested his full consumer file and any consumer reports issued by Defendant regarding Plaintiff. The request was sent to Defendant's office in San Diego.  The request was sent with a signed authorization by Plaintiff authorizing his counsel to make such a request, and a picture of Plaintiff's driver's license.   The authorization requested that Defendant send the consumer file to Plaintiff's counsel.

45.     Defendant responded to Plaintiff's counsel that it needed a "written authorization that specifically instructs Credco to provide a copy of the consumer report directly to you."  The authorization "must include the signature and seal of a

notary public and your client's Social Security number."  Alternatively, Defendant stated that it could "send a copy of the consumer report directly to your client."  Plaintiff's counsel requested that the report be sent directly to Plaintiff.

46.     Defendant then sent a letter from its San Diego office to Plaintiff requesting that Plaintiff send in a copy of a utility bill to Defendant before it would send him his report.  Plaintiff faxed his utility bill to Defendant.

47.     Defendant sent Plaintiff a copy of his "consumer report."  However, the report did not contain any OFAC-SDN information.  Nor did the report show that Pulte had pulled his consumer report.

48.     Plaintiff contemplates purchasing real estate in the next few years and obtaining a mortgage loan.

49.     Given Defendant's failure to correct Plaintiff's report, Defendant's misleading failure to include the OFAC-SDN information in the file disclosure it sent to Plaintiff, Defendant's misleading failure to identify all entities to whom it previously sent reports, and Defendant's prominent role in the mortgage lending market, Plaintiff is at risk of this inaccurate reporting recurring in the future.

## FACTS DEMONSTRATING THAT DEFENDANT WILLFULLY FAILED TO USE REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY

50.     If Defendant had reasonable procedures to assure maximum possible accuracy, it would have determined that the information in Plaintiff's consumer report belonged to someone else with a partially similar name.

51.     But instead, Defendant erroneously matched Plaintiff with a suspected terrorist with a different name, date of birth, and address.

52.     Defendant could have and should have checked the OFAC-SDN & Blocked Persons List, which is readily available online, prior to issuing its report.  If it had done so, it would have discovered that a search for Plaintiff's actual name,

Marco Antonio Fernandez, returns no results.

53.   The dangers of erroneous matching of persons with suspected terrorists on the OFAC-SDN & Blocked Persons List are well recognized in the tenant screening industry.  In 2017, a jury awarded $60 million to a class of persons who had been mismatched to the List by Trans Union.  *Ramirez v. Trans Union, LLC*, 3:12-cv-632 (N.D. Cal.).  The Ninth Circuit substantially upheld the jury's verdict.  And nearly a decade ago, the Third Circuit Court of Appeals upheld a jury verdict for mismatching an individual to the List and refusing to provide the reported OFAC-SDN information.  *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010).

54.   It is also well-recognized that failing to require actual name matches is inconsistent with reasonable procedures to ensure maximum possible accuracy. *In re Gen. Info. Servs., Inc.*, No. 2015-CFPB-0028, Consent Order ¶¶ 10-12 (C.F.P.B. Oct. 29, 2015).

55.   In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

  a. Defendant is a corporation with access to legal advice through its own general counsel's office and outside litigation counsel.  Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

  b. Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, caselaw, and the plain language of the FCRA.  Defendant was aware or should have been aware of the risks of its policies as identified in *Ramirez, Cortez* and *In re Gen. Info. Servs.* Defendant was also aware of problems with its matching procedures as a result of disputes, including Plaintiff's dispute, which it failed to address;

c.  Defendant voluntarily ran a risk of violating the law which was substantially greater than the risk associated with a reading that was merely careless;

d.  Defendant knew that matching individuals using name only or a common name match would result in false positives.  However, it persisted in doing so;

e.  If Defendant had reviewed its own report or consulted with the publicly available database, it would have been obvious that Plaintiff was not a match to the individual on the OFAC-SDN & Blocked Persons List; and

f.  Defendant's violations of the FCRA and CCRAA were repeated and systematic.

56.  At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA and CCRAA.  Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## CLASS ACTION ALLEGATIONS

57.  Plaintiff brings his claims on behalf of himself individually, and, pursuant to Fed. R. Civ. P. 23, on behalf of the following classes, defined as:

**Inaccurate Reporting Class**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where

the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the seven years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Inaccurate Reporting FCRA Subclass**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the five years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Inaccurate Reporting UCL Subclass**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the four years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Failure to Disclose Class**

All individuals (1) who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not disclose the OFAC/SDN information.  The class period is all persons who made requests to Defendant in the five years predating the filing of the initial Complaint in this matter and

continuing through the date the class list is prepared.

**Failure to Identify Class**

All individuals (1) who were the subjects of consumer reports furnished by Defendant (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not identify the user that procured the consumer report within the one-year period on which the request was made.  The class period is all persons who made requests to Defendant in the five years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Failure to Disclose UCL Subclass**

All individuals (1) who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not disclose the OFAC/SDN information.  The class period is all persons who made requests to Defendant in the four years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Failure to Identify UCL Subclass**

All individuals (1) who were the subjects of consumer reports furnished by Defendant (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not identify the user that procured the consumer report within the one-year period on which the request was made.  The class period is all persons who made requests to Defendant in the five years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

58.    The Classes satisfy the requirements of FED. R. CIV. P. 23.

---

59.   <u>Numerosity:</u> The Classes are so numerous that joinder of all class members is impracticable.  Given the volume of Defendant's business, there are hundreds or thousands of class members.

60.   <u>Commonality</u>:  This case presents common questions of law and fact, including but not limited to:

a)   Whether Defendant violated the FCRA by failing to follow reasonable procedures to ensure maximum possible accuracy of the information contained in consumers' reports with respect to the OFAC-SDN & Blocked Persons information;

b)   Whether Defendant violated the CCRAA by failing to follow reasonable procedures to ensure maximum possible accuracy of the information contained in consumers' reports with respect to the OFAC-SDN & Blocked Persons information;

c)   Whether Defendant violated 15 U.S.C. § 1681g(a) by not disclosing OFAC-SDN & Blocked Persons information in response to consumer requests;

d)   Whether Defendant violated 15 U.S.C. § 1681g(a) by not disclosing each person that procured a report during the previous year in response to consumer requests;

e)   Whether Defendant's conduct was unlawful, unfair, or fraudulent under the UCL;

f)   Whether Defendant's violations of the FCRA and CCRAA were willful;

g)   The proper scope of injunctive relief; and

h)   The proper measure of damages.

61.   <u>Typicality:</u> Plaintiff's claims are typical of the members of the Classes. It is typical for Defendant to match consumers to public records using only a name

or common name.  The FCRA, CCRAA, and UCL violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistently with other class members in accordance with its standard policies and practices.

62.  <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Classes because he and his experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the Classes.

63.  Class certification is appropriate under Fed. R. Civ. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the CCRAA, FCRA, and UCL.  Members of the Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

64.  Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) for equitable or injunctive relief because Defendant has acted or refused to act on grounds that apply generally to the Classes such that final injunctive relief is appropriate respecting the Classes as a whole.

65.  In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are insufficient in amount to

1  support separate actions.

2  66.   Yet, the amount which may be recovered by individual class members

3  will be large enough in relation to the expense and effort of administering the action

4  to justify a class action.  The administration of this action can be handled by class

5
6  counsel or a third-party administrator, and the costs of administration will represent

only a small fraction of the ultimate recovery to be achieved.

7  **COUNT I**

8  **CAL. CIV. CODE § 1785.14(b)**
**On behalf of Plaintiff individually and on behalf**

9  **of the Inaccurate Reporting Class**

10  67.   Plaintiff reiterates each of the allegations in the preceding paragraphs

11  as if set forth at length herein.

12  68.   Defendant violated CAL. CIV. CODE § 1785.14(b) by failing to

13  establish or to follow reasonable procedures to assure maximum possible accuracy

14  in the preparation of the consumer reports it furnished regarding Plaintiff and

15
16  members of the Inaccurate Reporting Class.  For example, Defendant misidentified

Plaintiff as a suspected terrorist and/or narcotics trafficker based solely on a name-

17  only match, without verifying other data points, or consulting with publicly

18  available online records.

19
20  69.   The foregoing violations were negligent and/or willful.  Defendant

21  acted in knowing or reckless disregard of its obligations and the rights of Plaintiff

22  and other Inaccurate Reporting Class members under CAL. CIV. CODE § 1785.14(b).

23  70.   As a result of Defendant's conduct, Plaintiff and Inaccurate Reporting

24  Class members suffered actual damages including but not limited to: denial of

25  credit, damage to reputation, embarrassment, humiliation and other mental and

26  emotional distress.

27  71.   Plaintiff and members of the Inaccurate Reporting Class are entitled to

28  recover actual damages, punitive damages, injunctive relief, costs and attorneys'

---

fees from the Defendant in an amount to be determined by the Court pursuant to CAL. CIV. CODE § 1785.31.

## COUNT II
### 15 U.S.C. § 1681e(b)
### On behalf of Plaintiff individually and on behalf
### of the Inaccurate Reporting FCRA Subclass

72.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

73.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and members of the Inaccurate Reporting FCRA Subclass.  For example, Defendant misidentified Plaintiff as a suspected terrorist and/or narcotics trafficker based solely on a name-only match, without verifying other data points, or consulting with publicly available online records.

74.     The foregoing violations were negligent and/or willful.  Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and other Inaccurate Reporting FCRA Subclass members under 15 U.S.C. § 1681e(b).

75.     As a result of Defendant's conduct, Plaintiff and Inaccurate Reporting FCRA Subclass members suffered actual damages including but not limited to impairment to credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

76.     Plaintiff and members of the Inaccurate Reporting FCRA Subclass are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n.

## COUNT III
### 15 U.S.C. § 1681g(a)
### On behalf of Plaintiff individually and on behalf
### of the Failure to Disclose Class and the Failure to Identify Class

77.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

78.     Defendant violated 15 U.S.C. § 1681g(a) by failing to disclose upon request "all information in the consumer's file" and the identification of each person that had requested Plaintiff's consumer report in the preceding year before the request was made.

79.     The foregoing violations were negligent and/or willful.  Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681g(a).

80.     As a result of Defendant's conduct, Plaintiff and members of the Failure to Disclose and Failure to Identify Classes were deprived of information regarding the contents of their consumer files and the entities that had requested their reports.

81.     Plaintiff and members of the Failure to Disclose and Failure to Identify Classes are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT IV
### 15 U.S.C. § 1681i(a)(1)(A)
### On behalf of Plaintiff Individually

82.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

83.     Defendant violated 15 U.S.C. § 1681i(a) by failing to conduct a reinvestigation to determine if the information it reported was accurate, and by

failing to correct inaccurate information.

84.     The foregoing violation was negligent and/or willful.  Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681i(a)(1)(A).

85.     As a result of Defendant's conduct, Plaintiff suffered actual damages including frustration, annoyance, anger and other distress.

86.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT V
### CAL. CIV. CODE § 1785.16(a)
### On behalf of Plaintiff Individually

87.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

88.     Defendant violated CAL. CIV. CODE § 1785.16(a) by failing to conduct a reinvestigation to determine if the information it reported was accurate, and by failing to correct inaccurate information.

89.     The foregoing violation was negligent and/or willful.  Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under CAL. CIV. CODE § 1785.16(a).

90.     As a result of Defendant's conduct, Plaintiff suffered actual damages including frustration, annoyance, anger and other distress.

91.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT VI**
**15 U.S.C. § 1681i(a)(6)(A)**
**On behalf of Plaintiff Individually**

92.    Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

93.    Defendant violated 15 U.S.C. § 1681i(a)(6)(A) by failing to provide written notice to Plaintiff of the results of the reinvestigation within five business days.

94.    The foregoing violation was negligent and/or willful.  Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681i(a)(6)(A).

95.    As a result of Defendant's conduct, Plaintiff suffered actual damages including frustration, annoyance, anger and other distress.

96.    Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT VII**
**CAL. BUS. & PROF. CODE § 17200, *et seq*.**
**On behalf of Plaintiff Individually and the Inaccurate Reporting UCL**
**Subclass, the Failure to Disclose UCL Subclass, and the Failure to Identify**
**UCL Subclass**

97.    Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

98.    By asserting Plaintiff was a terrorist and failing to provide information in response to a disclosure request, Defendant diminished Plaintiff's credit opportunity and deprived him of information relevant to his credit prospects.

99.    Defendant's inaccurate reporting and inaccurate disclosures constituted unlawful, unfair, and fraudulent business practices.

100.    Defendant's practices were unlawful because they violate the FCRA

and CCRAA.

101.   Both the FCRA and CCRAA required Defendant to follow reasonable procedures to assure maximum possible accuracy of the information it reported. 15 U.S.C. § 1681e(b); CAL. CIV. CODE § 1785.14(b).   As described above, Defendant violated these provisions.

102.   Further, the FCRA required Defendant to disclose the information it reported to Pulte and disclose the fact that it reported information to Pulte. 15 U.S.C. § 1681g(a).

103.   Defendant's practices were also unfair, because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers to match terrorist records based on insufficient criteria, and to further fail to provide adequate disclosures about what information was reported and to whom that information was reported.

104.   Defendant's practices were fraudulent because the report recipients were deceived and/or were likely to be deceived by Defendant's inaccurate representations that Plaintiff and class members were likely terrorists, and by Defendant's incomplete disclosures regarding what information was reported and to whom that information was reported.

105.   The harm caused by these business practices vastly outweighs any legitimate utility they possible could have.

106.   Because Plaintiff will seek a mortgage in the future, and because of the ubiquity of Defendant's reports in mortgage screening, there is a real and immediate threat that Plaintiff will suffer the same injury with respect to future rental applications.

107.   Plaintiff and the members of the Inaccurate Reporting UCL Subclass, the Failure to Disclose UCL Subclass, and Failure to Identify UCL Subclass are entitled to injunctive relief and to the recovery of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Classes, seeks the following relief:

    a.  Determining that this action may proceed as a class action under Fed. R. Civ. P. 23;

    b.  Designating Plaintiff as the class representative for the Classes;

    c.  Designating Plaintiff's Counsel as counsel for the Classes;

    d.  Issuing proper notice to the Classes at Defendant's expense;

    e.  Declaring that Defendant committed multiple, separate violations of the FCRA, CCRAA, and UCL;

    f.  Declaring that Defendant acted negligently, willfully, and in deliberate or reckless disregard of the rights of Plaintiff and the Classes under the FCRA, CCRAA, and UCL;

    g.  Awarding actual and/or statutory damages as provided by the FCRA and CCRAA;

    h.  Awarding punitive damages;

    i.  Granting appropriate injunctive relief;

    j.  Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA, CCRAA, and UCL; and

    k.  Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **JURY DEMAND**

Plaintiff, on behalf of himself and the Classes, demands a trial by jury on all issues triable by a jury.

Dated: September 28, 2020           Respectfully submitted,

                              /s/John G. Albanese

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E. Michelle Drake,
MN Bar No. 0387366*
John G. Albanese,
MN Bar No. 0395882*
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net
jalbanese@bm.net
*pro hac vice*

Benjamin Galdston (SBN 211114)
**BERGER MONTAGUE PC**
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Fax: (215) 875-4604
bgaldston@bm.net

*Attorneys for Plaintiff*

---