1  Moez M. Kaba, State Bar No. 257456
   mkaba@hueston.com
2  Josh Burk, State Bar No. 313869
   jburk@hueston.com
3  Abigail Majane, State Bar No. 330347
   amajane@hueston.com
4  HUESTON HENNIGAN LLP
   523 West 6th Street, Suite 400
5  Los Angeles, CA 90014
   Telephone:  (213) 788-4340
6  Facsimile:   (888) 775-0898

7  *Attorneys for Defendant*
   *CoreLogic Credco, LLC*
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  MARCO A. FERNANDEZ, individually      Case No.  20-cv-1262-JM-AGS
    and as a representative of the class,
13                                        **DEFENDANT CORELOGIC**
                                          **CREDCO, LLC'S REPLY IN**
       Plaintiff,                         **SUPPORT OF MOTION AND**
14                                        **MOTION TO STAY PROCEEDINGS**
       vs.                                **PENDING THE SUPREME COURT'S**
15                                        **DECISION IN *TRANSUNION LLC V.***
    CORELOGIC CREDCO, LLC,                **RAMIREZ**
16
       Defendant.                         Judge: Honorable Jeffrey T. Miller
17

18                                        Hearing Date:  February 8, 2021
                                          Time:            10:00 a.m.
19                                        Courtroom:     5D

20                                        Action filed:  June 2, 2020
                                          F.A.C. filed:  Sept. 28, 2020
21

22

23

24

25

26

27

28

DEFENDANT'S REPLY ISO MOTION TO
STAY PROCEEDINGS                                      Case No.  20-cv-1262-JM-AGS

## I.    INTRODUCTION

In the near term, the United States Supreme Court will issue its decision in *TransUnion LLC v. Ramirez*, No. 20-297 ("*Ramirez*").  The Supreme Court's decision will undisputedly bear directly on this case, and all three *Landis* factors weigh in favor of a stay.  There is little to be gained by proceeding before the Supreme Court's decision, and much efficiency and clarity to be lost.  As have many other courts when faced with similar circumstances, this Court should exercise its inherent power to efficiently control its docket by staying proceedings in this action until the resolution of *Ramirez*.  *See, e.g.*, *Provo v. Rady Children's Hosp.-San Diego*, 2015 WL 6144029, at *1 (S.D. Cal. July 29, 2015) (Miller, J.).

Plaintiff's arguments to the contrary—which rely on mischaracterization of the question presented in *Ramirez*, and misstatement and misapplication of the relevant standard—are unavailing.

In determining whether to grant a stay, courts consider the three factors established in *Landis v. North American Co.*, 299 U.S. 248 (1936): "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  All three factors support a stay here.

*First*, Plaintiff fails to show that he or putative class members would be harmed by a stay because the only possible harm he has identified, a potential delay in adjudication of his request for injunctive relief, is not sufficient here.  "'Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is unlikely to be addressed by this Court' before the U.S. Supreme Court issues a

- 1 -

decision." *Matera v. Google Inc.*, 2016 WL 454130, at \*4 (N.D. Cal. Feb. 5, 2016) (quoting *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at \*3 (N.D. Cal. Dec. 10, 2014)).

*Second*, Plaintiff offers the wrong standard for considering the hardships to a movant in the absence of a stay. *See In re Am. Apparel, Inc. S'holder Derivative Litig.*, 2012 WL 9506072, at \*44–45 (C.D. Cal. July 31, 2012) (the requirement that a movant show "a clear case of hardship or inequity" does not apply "[w]here the opponent does not adduce evidence that it will be harmed by a stay"). Even if Plaintiff's desired standard applied, the burden of engaging in costly, nationwide class discovery which could be rendered moot (or at least substantially narrowed)—distinct from "merely proceeding in the ordinary course of litigation"—satisfies that standard. *See Matera*, 2016 WL 454130, at \*4; *accord Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at \*6–7 (S.D. Cal. May 11, 2018).

*Third*, the decision in *Ramirez* will substantially affect the legal questions and scope of discovery in this case. Contrary to Plaintiff's assertions, the Petition for Certiorari in *Ramirez* expressly challenges the Article III standing and class certification of *all* class members—not just those whose OFAC alerts were never disseminated to third parties. The decision in *Ramirez* will thus directly address whether bare procedural violations of the sort alleged in Plaintiff's complaint suffice for standing and class certification. And in any event, a stay is appropriate where, as here, an independent proceeding is likely to be instructive regardless of whether it is "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979); *accord Matera*, 2016 WL 454130, at \*3.

## II.   A STAY IS WARRANTED IN THIS CASE

### A. Plaintiff Will Not Be Harmed by a Stay.

Plaintiff identifies just one purported harm that he and putative class members may suffer if a temporary stay is granted: that Credco's allegedly unlawful conduct

1   may recur if injunctive relief is delayed.  Opp. at 1, 2, 17–19.  Plaintiff's argument is

2   without merit.[1]

3        Although it is true "that delaying a plaintiff injunctive relief weighs more

4   heavily against granting a stay than the potential harm to a plaintiff seeking only

5   monetary relief," *Krejci v. Cavalry Portfolio Servs., LLC*, 2018 WL 3533246, at *2

6   (S.D. Cal. July 23, 2018), courts routinely grant stays where "'Plaintiff has not moved

7   for a preliminary injunction, and any prospective injunctive relief is unlikely to be

8   addressed by this Court' before the U.S. Supreme Court issues a decision," *Matera v.*

9   *Google Inc.*, 2016 WL 454130, at *4 (N.D. Cal. Feb. 5, 2016) (quoting *Gustavson v.*

10  *Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014)).

11       Such is the case here.  Plaintiff has not attempted to file for any type of

12  preliminary injunctive relief, and he acknowledges in his Opposition that the Supreme

13  Court is likely to resolve *Ramirez* in short order.  *See* Opp. at 8, 15.  Indeed, courts

14  have consistently held that the Supreme Court's customary timeline for adjudicating a

15  petition for writ of certiorari does not cause prejudice to the opponent of a stay.  *See,*

16  *e.g.*, *Provo v. Rady Children's Hosp.-San Diego*, 2015 WL 6144029, at *2 (S.D. Cal.

17  July 29, 2015) (Miller, J.) ("The Supreme Court is likely to issue a decision within one

18  year and neither party will be significantly prejudiced by a less than one year delay.");

19  *accord McElrath v. Uber Techs., Inc.*, 2017 WL 1175591, at *6 (N.D. Cal. Mar. 30,

20

21  _____

22  [1] Plaintiff also conclusorily states that he will be unduly prejudiced by a stay because

23  the decision in *Ramirez* will not impact his entitlement to relief.  Opp. at 17.

24  Notwithstanding that his only authority for this proposition is a case from the Southern

25  District of Indiana, the relevance of *Ramirez* to the present action goes to the third

26  *Landis* factor—whether the independent proceeding will "simplify[] or complicat[e]

27  issues, proof, and questions of law."  *Landis*, 299 U.S. at 254–55.  In any event,

28  Plaintiff is wrong about the impact of *Ramirez*.  *See infra* II.C.

DEFENDANT'S REPLY ISO MOTION TO STAY
PROCEEDINGS                                          Case No.  20-cv-1262-JM-AGS

2017).  That is because delays "of short, not indefinite, duration" generally favor the issuance of a stay.  *McElrath*, 2017 WL 1175591, at *5–6; *see also Robledo v. Randstad US, L.P.*, 2017 WL 4934205, at *3 (N.D. Cal. Nov. 1, 2017) (holding that certain potential harms are "directly mitigated by the short duration of the requested stay").  In fact, a stay may even result in a *faster* final resolution of this case—to Plaintiff and putative class members' benefit—as it would eliminate time-consuming appeals, reconsideration requests, and other re-litigation as a consequence of the Supreme Court's decision.  *See Rodriguez v. Cleansource, Inc.*, 2015 WL 12434307, at *4 (S.D. Cal. Feb. 26, 2015).

In light of this timeline and Plaintiff's decision not to seek a preliminary injunction, "any prospective injunctive relief is unlikely to be addressed by this Court before the U.S. Supreme Court issues a decision."  *Matera*, 2016 WL 454130, at *4. Since Plaintiff identifies no other purported harm from awaiting the Supreme Court's forthcoming decision on issues critical to the case at hand, he has not shown any prejudice that would result from temporarily staying these proceedings.

**B. Credco Will Suffer Hardship and Inequity in the Absence of a Stay.**

On the other hand, without a stay, Credco will suffer significant hardship in expending time and resources on building a factual record related to standing and class certification without clear, guiding legal standards.  With those standards in flux, there is a likelihood of unnecessary, conditional motion practice and laborious, nationwide class discovery which could ultimately be clarified, reshaped, or even rendered moot by the Supreme Court's decision in *Ramirez*.  *See Hernandez v. San Gabriel Temp. Staffing Servs., LLC*, 2018 WL 1582914, at *9 (N.D. Cal. Apr. 2, 2018).  The bulk of such discovery efforts will fall on Credco.

Plaintiff seeks to diminish these hardships by directing the Court to apply the wrong legal standard.  Plaintiff asserts that *Landis* requires a proponent of a stay to make a "clear case of hardship or inequity"—without mentioning that such a standard

applies only if the non-movant has shown a "fair possibility" of harm from the stay. Opp. at 16.  As explained, *supra* II.A, Plaintiff has not shown a fair possibility of harm, and so even ordinary litigation burdens satisfy the requisite showing of hardship or inequity.  *See In re Am. Apparel, Inc. S'holder Derivative Litig.*, 2012 WL 9506072, at \*45 (C.D. Cal. July 31, 2012) ("Where the opponent does not adduce evidence that it will be harmed by a stay . . . courts have considered the moving party's burden in litigating the case to be a legitimate form of hardship."); *accord Krejci*, 2018 WL 3533246, at \*3.

Even if Plaintiff's preferred standard applied, however, Credco meets it. Numerous cases have recognized that being forced to "[engage] in collective and class action discovery, not to mention handling disputes over conditional certification, potential class members, and the merits of the collective/class action allegations themselves"—beyond mere run-of-the-mill litigation expenses—constitutes a clear case of hardship or inequity.  *Nguyen*, 2018 WL 2182633, at \*6–7 (quoting *Cook v. Rent-A-Center, Inc.*, 2017 WL 4270203, at \*4 (E.D. Cal. Sep. 26, 2017)); *see also Matera*, 2016 WL 454130, at \*4 (agreeing with movant that "the hardship it faces without a stay is not merely proceeding in the ordinary course of litigation" but, rather, "proceeding through discovery towards class certification in the face of a pending decision that may substantially revise the standard for Article III in such cases"); *accord Hernandez*, 2018 WL 1582914, at \*9.  The same applies here.

In the alternative, Plaintiff makes two additional arguments.  *First*, Plaintiff claims that Credco will not be burdened because, according to Plaintiff, the Supreme Court will rule on *Ramirez* before any class certification briefing occurs.  Opp. at 15. In addition to this assertion being speculative and not accounting for any class discovery that may precede class certification briefing, Plaintiff ignores that a short timeline generally *favors* the issuance of a stay, not the other way around.  *McElrath*, 2017 WL 1175591, at \*5–6.

- 5 -

*Second*, Plaintiff asserts, without citation to authority, that Credco's burden of defending class discovery does not support a stay because, even if a standing decision in *Ramirez* deprives this Court of jurisdiction, Plaintiff will simply proceed in state court.  Opp. at 16–17.  This view aligns neither with common sense nor case law.  It is not an efficient use of Plaintiff's, Credco's, or this Court's time to proceed with costly discovery in federal court only to finish or revisit that process in state court, with different state law procedures and class requirements.  Other courts have already rejected such spurious justifications for avoiding a stay.  *See Matera*, 2016 WL 454130, at *4 (rejecting Plaintiff's argument "that any discovery in this case later mooted by an adverse decision in *Spokeo* would not actually be wasted, because Plaintiff's suit would ultimately proceed in state court even if it cannot proceed in federal court").

Because the absence of a stay will impose significant hardship and inequity on Credco, the second *Landis* factor weighs in favor of a stay.

## C. Staying this Action Serves the Interests of Justice Because It Will Simplify the Issues, Proof, and Questions of Law in this Case.

Plaintiff's main argument against the stay is that the question presented in *Ramirez* "is whether consumers who did not have information provided to a third party have Article III standing, and if so, whether Mr. Ramirez . . . is an appropriate class representative for those consumers."  Opp. at 2; *see id.* at 9–10.  From that premise, Plaintiff asserts that a stay is inappropriate because Credco has not shown "that Plaintiff's or class members' standing is dependent on the Ninth Circuit decision in *Ramirez*" but instead has "implie[d] that the Supreme court may deviate from the

certified question and the facts of *Ramirez*." *Id.* at 9–10.[2]  These contentions are both factually and legally incorrect.

Plaintiff's characterization of the question presented in *Ramirez* is incorrect, unsupported by the text of the question itself, and belied by the arguments actually made in the Petition for Writ of Certiorari (the "Petition").  The question in *Ramirez* is "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered."  Mot. to Stay, Declaration of Josh Burk ("Burk Decl."), Exhibit 1 at i (Petition for Writ of Certiorari); *TransUnion LLC v. Ramirez*, No. 20-297, 2020 WL 7366280 (U.S. Dec. 16, 2020).  While many of the class members in *Ramirez* did not have their reports disseminated to third parties, the Petition repeatedly challenges the Ninth Circuit's decision on the basis that, with respect to the 15 U.S.C. § 1681e(b) claims—which are also at issue in this case, *see* FAC ¶¶ 8, 13, 73—Ramirez "offered no evidence that *anyone* besides himself was ever hindered in obtaining credit due to an OFAC alert," "that *anyone else* in the class suffered any adverse consequences due to the alleged violations," or that there were any "*consequences of dissemination*" for those whose reports were disclosed to third parties.  Burk Decl., Ex. 1 at 11, 12, 14 (emphasis added); *see id.* at 14 ("[O]nly Ramirez's alert stated that he was a match (as opposed to 'a *potential* match'), only Ramirez was denied credit because of the alert, and only Ramirez spent significant time and energy trying to remove the alert." (quoting *Ramirez v. TransUnion LLC*, 951 F.3d 1008 (9th Cir. 2020) (cleaned up))).  The Supreme Court will thus directly consider the extent to which an alleged statutory violation of section 1681e(b) with

---

[2] Plaintiff leaves out the fact that he relies extensively on *Ramirez* in his Opposition to the pending Motion to Dismiss to support his assertions of inherent harm from Credco's alleged procedural violations.  *See* Dkt. No. 20 at 1, 20, 22.

DEFENDANT'S REPLY ISO MOTION TO STAY
PROCEEDINGS                                                     Case No.  20-cv-1262-JM-AGS

respect to OFAC alerts can support Article III standing, and the extent to which class certification issues will need individualized scrutiny as a result. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation."). In light of Plaintiff's similar allegations, the answers to those questions will bear on standing, class certification, and the scope of discovery in this case.[3]

Plaintiff's section 1681g(a) claims are even more damaging for his position. The Supreme Court will address standing to sue under the "disclosure" requirement of section 1681g(a), specifically for a disclosure "that purported to be [the consumer's] entire credit report, [yet] contain[ed] no mention of OFAC." *Ramirez*, 951 F.3d at 1030; *see* Burk Decl., Ex. 1 at 21–24 (arguing that the Ninth Circuit's decision "on the disclosure claims is just as obviously wrong" and that "[o]ther circuits have been . . . unreceptive to claims that the mere receipt of an allegedly deficient disclosure is enough to satisfy Article III"). Here, Plaintiff brings nearly identical 1681g(a) claims for "failing to disclose upon request 'all information in the consumer's file.'" FAC ¶ 78 (quoting 15 U.S.C. § 1681g(a)). Accordingly, the Supreme Court need not

---

[3] Because standing is the irreducible constitutional minimum for jurisdiction, Plaintiff cannot evade its requirements by noting that Credco did not seek to dismiss his claims on standing grounds. *See Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) ("Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived."). In any event, Credco expressly reserved the right to challenge Plaintiff's and class members' standing if *Ramirez* was overruled. Dkt. No. 15-1 at 25 n.10.

"deviate from the certified question and the facts of *Ramirez*" to impact this case. *See* Opp. at 9. Substantially analogous questions and facts are already before it.[4]

However, even if Plaintiff were right that the claims in this case are not "dependent on the . . . decision in *Ramirez*," Opp. at 10, that is not the standard. A court may, pursuant to its inherent power to control its own docket, stay a case "pending resolution of independent proceedings which bear upon the case," regardless of "whether . . . such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64; *see also Matera*, 2016 WL 454130, at *3 (granting a stay where "the U.S. Supreme Court's [standing] decision in *Spokeo* is likely to be instructive in this case, regardless of whether it is formally controlling"); *accord Gabriella v. Wells Fargo Fin., Inc.*, 2009 WL 188856, at *1 (N.D. Cal. Jan. 26, 2009)

---

[4] Plaintiff makes additional unpersuasive arguments that the Supreme Court would, regardless, invariably find that mere procedural violations of these provisions satisfy standing requirements because these statutory violations are analogous to defamation *per se* under the common law. Opp. at 12–13. Although "branding someone a criminal or terrorist" may be defamatory *per se*, *see* Opp. at 13, Plaintiff has a much higher hill to climb to show that it is defamatory *per se* to notify a financial institution that an individual is a "*potential* match" to the nationally maintained OFAC list—thus enabling the *financial institution* to comply with its Patriot Act obligations to confirm whether that individual is an *actual* match, *see* 31 C.F.R. § 1020.220(a)(4). It is far from clear that calling someone a *potential* match in this context is defamatory *per se*, or that it is even a verifiably false statement of fact. *See, e.g.*, *Info. Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 783 (9th Cir. 1980) ("[R]ecovery for defamation may be had only for false statements of fact[.]"). Regardless, Plaintiff need not speculate as to what the Supreme Court may rule; within months this Court will know what the Supreme Court actually rules.

- 9 -

1   (granting a stay where "the parties will seek, and be willing to provide, different
2   discovery depending on the Supreme Court's *guidance*" (emphasis added)).

3       Here, the Supreme Court's Article III and Rule 23 rulings on highly analogous
4   facts and *identical* statutory provisions will, at a bare minimum, be "instructive,"
5   *Matera*, 2016 WL 454130, at *3, and "bear upon the case," *Leyva*, 593 F.2d at 863–
6   64.  Indeed, the court in *Matera* granted the stay pending an Article III decision in
7   *Spokeo* despite the two cases involving *separate* statutes, with *separate* statutory
8   harms.  2016 WL 454130, at *3.  Moreover, "the parties will seek, and be willing to
9   provide, different discovery depending on the Supreme Court's guidance" and "will
10  be able to engage in focused, efficient discovery" after the Supreme Court's ruling.
11  *Gabriella*, 2009 WL 188856, at *1.

12      Accordingly, the third *Landis* factor also favors the issuance of a stay.

13  **III.   CONCLUSION**

14      Plaintiff urges this Court to ignore a forthcoming Supreme Court decision that
15  is highly relevant to, and possibly even controlling of, the case at hand, and instead to
16  rush this case toward expensive class discovery and motion practice that may
17  ultimately be unnecessary.  To do so, Plaintiff obfuscates the relevant legal standards
18  for a stay and the question presented in *Ramirez*, and offers no legitimate threat of
19  harm.  Because the *Landis* factors weigh in favor of a stay, Credco respectfully
20  requests that this Court exercise its inherent power to promote the economy of time
21  and effort on its docket by staying proceedings in this action until the resolution of
22  *Ramirez*.

23
24
25
26
27
28

- 10 -

1 Dated: February 1, 2021       HUESTON HENNIGAN LLP

2

3                                By:   /s/ Moez M. Kaba

                                        Moez M. Kaba

4                                         Josh Burk

                                        Abigail Majane

5                                         *Attorneys for Defendant*

6                                         *CoreLogic Credco, LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -