UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. FERNANDEZ, individually and as a representative of the class,<br><br>Plaintiff,<br><br>v.<br><br>CORELOGIC CREDCO, LLC.,<br><br>Defendant. | Case No.: 3:20-cv-1262-JM-(AGS)<br><br>**ORDER ON MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION** |

This matter comes before the court on Defendant's Motion to Stay Proceedings Pending the Supreme Court's Decision in Transunion LLC v. Ramirez. (Doc. No. 23.) The motion has been fully briefed and the court finds it suitable for determination on the papers in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, Defendant's motion is **granted**.

**Background**

On June 2, 2020, Plaintiff Marco A. Fernandez filed a putative class action complaint against Defendant CoreLogic Credco, LLC ("Credco") in San Diego Superior Court alleging violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681, *et seq.*; willful violations of the California Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE section 1785.1, *et seq.*, and violations of the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE section 17200, *et seq.* (Doc. No. 1-3 at 12-32.) On

July 6, 2020, Defendant removed this action to federal court on the basis of federal question jurisdiction, 28 U.S.C. section 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1453. (Doc. No. 1.)

On September 28, 2020, Plaintiff filed the first amended putative class action complaint. (Doc. No. 14, "FAC".) Plaintiff contends that in October 2019 he applied for a mortgage as part of the home-buying process. (FAC ¶¶ 3, 24.) Plaintiff alleges that in connection with his application, Pulte Mortgage LLC requested a credit report from Defendant, and that the report Defendant supplied was inaccurate. (*Id,* ¶¶ 3, 26.) Specifically, the report furnished by Defendant inaccurately stated that Plaintiff was a person on the United States Department of the Treasury, Office of Foreign Assets Control's list of Specially Designated Nationals and Blocked Persons ("OFAC-SDN & Blocked Persons List"). (*Id.* ¶¶ 4, 32.)

Further, the report supplied by Defendant included a record belonging to "Mario Alberto Fernandez Santana," a resident of Mexico, born in May 1977. (*Id.* ¶¶ 4, 37.) Plaintiff complains that a "rudimentary review of the record" would reveal that his name, date of birth and address differ vastly from the Mario Alberto Fernandez Santana reported on the credit report furnished by Defendant. (*Id.* ¶¶ 5, 38-41.) Additionally, it is alleged that the OFAC Search Results section of the report generated by Defendant, falsely reported that Plaintiff "was a match to a suspected narcotics trafficker included on the OFAC -SDN & Blocked Persons List." (*Id.* at ¶ 32.)

Plaintiff maintains that when he took steps to dispute the inaccurate report, including a letter via Certified U.S. Mail, Defendant did not respond. (*Id.* ¶¶ 6, 42, 43.) When Plaintiff was later able to request his consumer file from Defendant, the "response did not include any information it reported to Pulte about Plaintiff being on the OFAC-SDN & Blocked Persons List. Nor did the response indicate that any report had been provided to Pulte." (*Id.* at ¶ 7; *see also* ¶¶ 44-47.)

Plaintiff claims that by issuing the inaccurate report, Defendant violated section 1681e(b) of the FCRA and section 1785.14(b) of the CCRAA because it failed to employ

reasonable procedures to ensure the maximum possible accuracy of its reports.  (*Id*. ¶¶ 8, 50, 52, 54, 55.)  Plaintiff also alleges that by failing to respond to Plaintiff's dispute, Defendant also violated the relevant provisions of the Acts.  (*Id.* ¶¶ 9-11, 56.)  As a result of this inaccurate reporting and failure to fix the report or disclose that it had reported such inaccurate information, Plaintiff alleges he suffered "distress and embarrassment, damage to his reputation, and is concerned that the inaccurate reporting could recur." (*Id.* at ¶ 12.)

Based on these facts Plaintiff seeks to represent seven classes consisting of:

**Inaccurate Reporting Class**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the seven years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Inaccurate Reporting FCRA Class**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the five years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Inaccurate Reporting UCL Subclass**

All individuals who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database in the four years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Failure to Disclose Class**

All individuals (1) who were the subjects of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not disclose the OFAC/SDN information. The class period is all persons who made requests to Defendant in the five years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Failure to Identify Class**

All individuals (1) who were the subjects of consumer reports furnished by Defendant (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not identify the user that procured the consumer report within the one-year period on which the request was made. The class period is all persons who made requests to Defendant in the five years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Failure to Disclose UCL Subclass**

All individuals (1) who were the subject of consumer reports furnished by Defendant which contained public record information in the "OFAC/SDN" section of the reports where the name or date of birth or address of the subject of the report does not match the name or date of birth or address in the government database (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not disclose the OFAC/SDN information. The class period is all persons who made requests to Defendant in the four years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

**Failure to Identify UCL Subclass**

All individuals (1) who were the subject of consumer reports furnished by Defendant (2) who made a request to Defendant for their consumer file or report and (3) for whom Defendant did not identify the user that procured the consumer report within the one-year period on which the request was made. The class period is all persons who made requests to Defendant in the five

> years predating the filing of the initial Complaint in this matter and continuing through the date the class list is prepared.

FAC at 11-12.

## Legal Standard

Courts have inherent power to manage their dockets and stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706(1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (district court has inherent power to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases). Factors to consider when deciding to stay a proceeding include: (1) the possible damage which may result from granting a stay, (2) the hardship a party may suffer if the case is allowed to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). A stay should also "not be granted unless it appears likely the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). It is the "proponent of a stay [that] bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

## Discussion

Defendant asserts that the Supreme Court's pending decision in *TransUnion LLC. v. Ramirez*, Case No. 20-297, will provide substantial guidance to this court and the parties in resolving this case. (Doc. No. 23-1 at 5-19.) The court is swayed by the arguments set forth by Defendant.

First, as to judicial economy, the parties disagree whether the Supreme Court's decision in *Ramirez* is dispositive. Defendant asserts that the Court's decision could dramatically change the scope of Plaintiff's purported nationwide class claims and could bring into question Plaintiff's own Article III standing. (*Id*. at 5, 12-15.) Plaintiff counters that the impact of *Ramirez* is entirely speculative, any decision from the Court is unlikely to affect the standing of the parties in this litigation, and, regardless, any standing issues

can be dealt with at the class certification stage. (Doc. No. 24 at 12-13.) The question before the Supreme Court in *Ramirez* is "[w]ether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered." *See Transunion LLC v. Ramirez, Sergio L.*, No. 20-297, 2020 WL 7366280 (U.S. Dec. 16, 2020) (granting writ of certiorari as to question 1). As evidenced by the parties' pleadings, Plaintiff is attempting to bring this putative class action on behalf of several classes. Two classes, the Inaccurate Reporting FCRA Class and, pursuant to section 1681 g(a), the Failure to Disclose Class, could potentially be impacted by the Supreme Court's decision as to whether class members have Article III standing for their allegedly wrongful match to the OFAC/SDN. Proceeding as a single plaintiff case or a putative class action has ramifications in the discovery arena, motion practice, as well as the possibility of early settlement with the help of the magistrate judge at the early neutral evaluation conference. Thus, whether this action may proceed as a class action is a central and disputed issue in this case and a ruling in the Supreme Court action will simplify this matter. Accordingly, this factor weighs in favor of a stay. *See, e.g., Nguyen v. Marketsource, Inc.*, Case No.: 17-cv-02063-AJB-JLB, 2018 WL 2182633, at * 6 (S.D. Cal. May 11, 2018) (citation omitted) ([e]ngaging in collective and class action discovery, not to mention handling disputes over conditional certification, potential class members, and the merits of the collective/class action allegations themselves, will require substantial effort on the part of all concerned, efforts that may well be unnecessary depending on the Supreme Court's ultimate decision…"). *See also Hernandez v. San Gabriel Temp Staffing Servs., LLC*, Case No. 17-CV-05847-LHK, 2018 WL 1582914, at * 9 (N.D. Cal. Apr. 2, 2018) ("Ultimately it would be an extraordinary waste of time and money to continue litigating this case only to have to do it all over again because the experts, the parties, and the Court were proceeding under a legal framework that the Supreme Court determined did not apply.") (citation omitted) (internal quotation marks omitted).

   Second, as to any harm Plaintiff is likely to suffer if this court grants a stay, the parties again disagree. Plaintiff argues that he and the putative class will suffer irreparable harm by the stay because he is seeking to enforce important public policy protecting consumers from inaccurate information being disseminated by companied. (Doc. No. 24 at 21-22.) Further, he argues that the fact that he is seeking not just damages but injunctive relief weighs against the stay and is demonstrative of ongoing harm. (*Id.* at 22-23.) Defendant takes the position that a stay would not prejudice Plaintiff, nor his putative class, that the delay could potentially allow both parties to save resources, that Plaintiff will not be injured by a delay because he has not pled any economic or financial harm, and that the early stages of the litigation favor a stay. (Doc. No. 23-1 at 15-16.) The court again finds Defendant's position to be persuasive. Importantly, oral argument in Ramirez occurred on March 22, 2021. If Supreme Court practice and tradition hold true, the Court will likely issue its decision by the end of June, less than three months from now.

   Third, as to hardship Defendant may suffer, the parties take opposing positions. Defendant has consistently maintained that a stay would benefit both parties and, argues in its reply, that it will be harmed if this case proceeds pending a decision on the standing and class issue because it will be forced to expend resources to build a factual record relating to standing and class certification, including motion practice and "laborious, nationwide class discovery which could ultimately be clarified, reshaped, or even rendered moot" by the *Ramirez* decision. (Doc. No. 25 at 5; Doc. No. 23-1 at 17.) In opposition, Plaintiff responds that if he or the class lacks Article III standing to proceed here, this action must be remanded to state court, thus "proceeding expeditiously imposes no undue hardship, or even any unique hardship, on Defendant because there is not even an outside possibility that the Supreme Court's decision in *Ramirez* will actually dispose of this litigation." (Doc. No. 24 at 21.) Plaintiff's argument misses the mark. Whatever light the Supreme Court sheds on Rule 23 or Article III standing requirements to bring a putative class action complaint for violation of the FCRA could have serious ramifications in this case. The court is also mindful that Plaintiff is seeking to bring representative claims under the UCL

and the CCRAA, which are California state laws, when he is a resident of Maryland. Thus, requiring Defendant to expend the necessary costs and resources to defend this action and begin the discovery process is at odds with the judicial principles of efficacy, especially when such a decision is imminent. This is especially true given the early stage of this litigation. Accordingly, this factor weighs in favor of a stay.

Weighing all the factors, the court concludes that granting a stay pending the Supreme Court's decision in *Ramirez* is appropriate. The motion for a stay is, therefore, **GRANTED**. (Doc. No. 23.)

## Conclusion

For the foregoing reasons, the Court **HEREBY ORDERS** that all proceedings in this action are stayed pending the Supreme Court's decision in *Transunion LLC v. Ramirez, Sergio L.*, No. 20-297, (U.S. Dec. 16, 2020). **FURTHER,** the court **ORDERS** as follows:

1. The Parties shall provide the court with a Joint Status Report within fourteen (14) days of the Supreme Court's decision in *Ramirez*; and

2. In light of the stay, and to assist in managing its own calendar, the court **DENIES** without prejudice Defendant's Motion to Dismiss First Amended Complaint as **MOOT**. (Doc. No. 15.) Once the stay is lifted, any relevant motions attacking the complaint brought under Federal Rules of Civil Procedure 12 or 23 may be filed.

IT IS SO ORDERED.

Dated: April 8, 2021

_____
Hon. Jeffrey T. Miller
United States District Judge