Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Padraic W. Foran State Bar No. 268278
pforan@hueston.com
Spencer M. Schmider, State Bar No. 332147
sschmider@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Brandon M. Marsh, State Bar No. 268316
bmarsh@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640
Facsimile: (888) 775-0898

*Attorneys for Defendant
CoreLogic Credco, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. FERNANDEZ, individually and as a representative of the class,<br><br>Plaintiff,<br><br>vs.<br><br>CORELOGIC CREDCO, LLC,<br><br>Defendant. | Case No. 3:20-cv-1262-JM-AGS<br><br>**DEFENDANT CORELOGIC CREDCO, LLC'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND PAGE LIMITS**<br><br>Judge: Honorable Jeffrey T. Miller<br>Courtroom: 15B<br><br>Complaint Filed: June 2, 2020<br>FAC Filed: September 28, 2020 |

3:20-cv-1262-JM-AGS

TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................... 4

II. LEGAL STANDARD ............................................................................................... 5

III. BACKGROUND ....................................................................................................... 5

IV. ARGUMENT ............................................................................................................. 6

    A. Plaintiff Fails to Show Good Cause for Additional Pages of Briefing ................................................................................................................ 6

    B. Credco Requests that Any Grant of Additional Pages Be Equitable ............................................................................................................. 8

V. CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BlackBerry Limited v. Facebook, Inc.*,
    487 F. Supp. 3d 870 (C.D. Cal. 2019) ............................................................. 5

*County of Sacramento v. Everest National Insurance Co.*,
    2021 WL 877562 (E.D. Cal. Mar. 9, 2021) ....................................................... 5

*Dag Petroleum Suppliers, LLC v. BP P.L.C.*,
    2006 WL 2345908 (E.D. Va. Aug. 9, 2006) ..................................................... 6

*Pacific Coast Federation of Fishermen's Association v. Ross*,
    2020 WL 12582015 (E.D. Cal. Mar. 29, 2020) ................................................ 6

*People of California v. Kinder Morgan Energy Partners, L.P.*,
    569 F. Supp. 2d 1073 (S.D. Cal. 2008) ........................................................ 5, 6

**Rules**

Fed. R. Civ. P. 23 ................................................................................................. passim

Local Civil Rule 7.1(h) ........................................................................................... 4, 5

## I.  INTRODUCTION

On November 7, 2022, Defendant CoreLogic Credco, LLC ("Credco") filed its pending motion to deny class certification. ECF No. 101-1. Credco's class certification motion addresses nearly all of Plaintiff Marco Fernandez's seven asserted classes in this case – specifically, six of the seven asserted classes – in 25 pages. *Id.* Under Local Civil Rule 7.1(h) , Plaintiff will have 25 pages to oppose the motion. Plaintiff will also have an additional 35 pages to address his seventh class in his forthcoming motion for class certification (25 pages for his motion plus 10 for his reply). As things stand, the Court is set to receive 60 pages from each side on class certification issues, for a total of 120 total pages. *See* Fed. R. Civ. P. 23. Plaintiff now requests more pages. If the Court grants the request, the Court will receive as many as 160 total pages regarding class certification.

Plaintiff does not show why more than 120 pages are needed, much less demonstrate good cause as required. Plaintiff vaguely asserts that he needs more pages because the case is "complex." But the core allegations in this case are simple ones that regard one-page reports and run-of-the-mill claims of "inadequate disclosures." *See generally* ECF No. 14 (Plaintiff's operative complaint). Plaintiff also claims that discovery has been "extensive." Even putting aside that discovery has not been unusually extensive in this case, Plaintiff fails to link *any* discovery to *any* class certification issues. Plaintiff also states that he intends to submit three or more expert reports in support of his motion, but this fact counsels in favor of even fewer pages. Plaintiff can use his allotted pages to cite those reports, rather than reproduce them or summarize them in detail. Because Plaintiff fails to show why extra briefing is needed regarding Rule 23 issues, his *ex parte* application fails.

Plaintiff's request ignores that each side has an obligation to hone its arguments and conserve Court resources by making arguments concisely. Even if there were any need for pages beyond the normal page limits of class certification briefing (and Plaintiff fails to show that there is), such a need has already been fulfilled. Instead of

the 60 pages of briefing per the local rules, the parties already have 120 pages because there are two motions. This is plenty of space to address the Rule 23 issues in this case.

Plaintiff's request for additional pages should be denied.

## II. LEGAL STANDARD

Under Local Rule 7.1(h), briefs in support of or in opposition to motions must not exceed 25 pages and reply memoranda must not exceed ten. District courts will consider extending these page limits only under "exceptional circumstances." *County of Sacramento v. Everest National Insurance Co.*, 2021 WL 877562, at *1 (E.D. Cal. Mar. 9, 2021). In considering such a request, courts observe that "judicial resources in [California's] respective districts are 'stretched thin.'" *Id.* (quoting *BlackBerry Limited v. Facebook, Inc.*, 487 F. Supp. 3d 870, 917 (C.D. Cal. 2019)). Excessive briefing may jeopardize "securing the just, speedy, and inexpensive determination" of an action. *Blackberry Limited*, 487 F. Supp. 3d at 917 (citing Fed. R. Civ. P. 1). Without good cause, a court therefore should not grant a motion for leave to file oversize briefs. *People of California v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1079 n.1 (S.D. Cal. 2008).

## III. BACKGROUND

Plaintiff filed the operative complaint in June 2020. ECF No. 14. Discovery in this case has been ongoing since April 2022. On November 7, Credco filed a motion to deny certification of six of Plaintiff's seven asserted classes because it was plain that the classes suffer from fatal legal deficiencies. ECF No. 101. Plaintiff moved the Court for an extension of his deadline to oppose the motion, which was granted in part and denied in part on November 21, 2022. ECF Nos. 104, 107.

It was not until January 4, 2023, that Plaintiff notified Credco for the first time that he intended to request additional pages for the pending motion as well as his upcoming motion for class certification due February 13, 2023. Declaration of Brandon Marsh attached hereto, Ex. 1. In response, Credco asked Plaintiff to state the

basis for his request, including such basic information as which classes Plaintiff will assert and which Rule 23 elements Plaintiff believes require additional briefing. *See* Fed. R. Civ. P. 23. Plaintiff refused to provide any such information. Ex. 1. He then immediately filed this *ex parte* application. *Id.*

## IV. ARGUMENT

### A. Plaintiff Fails to Show Good Cause for Additional Pages of Briefing

Page limits are an appropriate mechanism for ensuring that parties focus on their most meritorious arguments and present them clearly and concisely. *See, e.g.*, *Pacific Coast Federation of Fishermen's Association v. Ross*, 2020 WL 12582015, at *3 n.1 (E.D. Cal. Mar. 29, 2020) ("Prolix briefing is in no one's best interest, and certainly not the court's, even in a case as complex as this one."); *Dag Petroleum Suppliers, LLC v. BP P.L.C.*, 2006 WL 2345908, at *2 (E.D. Va. Aug. 9, 2006) ("The reality that Plaintiff fails to confront, however, is that Defendants were faced [with] the same mass of discovery and successfully remained within the page limits.").

Plaintiff's request for additional pages fails for several reasons.

First, the claims in this case are straightforward. As explained in Plaintiff's sleek 23-page complaint and in Credco's pending Motion to Deny Class Certification, Plaintiff's claims are divided into two buckets: (1) claims based on an allegation of inaccurate OFAC reporting; and (2) claims based on an allegation of inadequate file disclosures. ECF Nos. 14; 101-1 at 14:5–15:3. The OFAC reporting claims regard one-page OFAC reports that are automatically generated and contain a very limited amount of information. The file disclosure claims allege merely that when consumers asked Credco for their file, they were not provided certain information. These are simple allegations. While Plaintiff has asserted more than two classes – seven classes, in fact – on these two categories of fact allegations, the classes differ only regarding their statutory bases and time periods – not the merits, conduct, or mechanics of the actual alleged violations.

Second, because the claims are simple, the record in this case is not particularly complex or extensive. Plaintiff notes that the parties have exchanged tens of thousands of documents. This is normal in any modern business litigation, and a testament to a robust document production by Credco – not an indication that any substantial number of documents need to be submitted as part of class certification briefing. Plaintiff also notes that the parties will have taken approximately twelve depositions by the end of January. This is not a particularly large number; in fact, it is just 60% of the maximum of 20 depositions that are permitted under the Court's ordinary Chambers Rules. The total deposition time is also relatively low, as Plaintiff has not approached the full seven hours of potential deposition time for any of the seven depositions he has taken thus far. Plaintiff has largely taken half-day depositions of former employees who could not remember much from their employment years ago. Credco expects almost none of such deposition testimony to feature in the class certification briefing.

Third, the only briefing necessary for class certification relates to Rule 23. Yet Plaintiff has not explained how any Rule 23 element requires additional pages. Plaintiff has not explained how *any* of the facts in this case are needed to address Rule 23 issues. While surely *some* facts are needed, there is no indication that this case presents any abnormal volume of facts or that extra pages are needed to explain them.

For example, Plaintiff's *ex parte* application states in conclusory fashion that Plaintiff plans on presenting merits arguments "to explain various aspects of the innerworkings of the credit reporting industry." Certain aspects of the credit reporting industry will to some extent be relevant to merits issues at trial, or at the summary judgment stage. But Plaintiff provides no explanation why they would be needed for a class certification motion, much less why Plaintiff's apparently planned, detailed exegesis of "innerworkings" would be needed. Credco asked Plaintiff for an explanation as to why Plaintiff seems to believe extensive factual information might be needed on this Rule 23 motion. Ex. 1. In response, Plaintiff refused to provide any information. *Id.* Credco also asked which if any Rule 23 element would require

additional pages. Plaintiff again refused to respond. *Id.* In similar fashion, Plaintiff's *ex parte* application does not cite any Rule 23 element that could require additional pages of briefing. Plaintiff will have a total of three separate class certification briefs to discuss case facts as needed. This is surely enough.

Fourth, Plaintiff's vague assertion that he intends on submitting "three expert reports, … and maybe more" says nothing about how many pages are needed for class certification briefing. If anything, it shows that Plaintiff's experts will discuss factual issues in their reports, which can, if necessary, be attached to Plaintiff's motion. Plaintiff's brief can then presumably cite the expert reports, rather than fill pages by regurgitating the expert's reports or supporting documentation. The existence of these expert reports thus cuts against Plaintiff's request for more pages.

Fifth, Plaintiff's case citations are inapposite. *See* ECF No. 117 at 3–4. None of the cases Plaintiff cites were situations where the request for additional pages was opposed. Perhaps more importantly, none of Plaintiff's cases involved a situation with *multiple* simultaneous class certification motions as here. For this reason, none of Plaintiff's cases involves a situation as this where a party is requesting more than 120 total pages to brief class certification issues. Plaintiff's request here is unique. While the United States federal courts have decades of experience handling cases far more complex than this one, Credco has been unable to find any case in this District, or any FCRA class action in any district court, in which a court permitted what Plaintiff requests here: a whopping 160 pages for class certification briefing. Credco believes such voluminous briefing is exceedingly rare in any sort of class action and in any district.

### B. Credco Requests that Any Grant of Additional Pages Be Equitable

Under the current case schedule (ECF No. 115), on February 13, 2023, Plaintiff will (1) file his motion for class certification; (2) file his opposition to Credco's motion to deny class certification; and (3) serve at least three expert reports. Credco will then have one week to reply in support of its motion to deny class certification, and two

additional weeks to oppose Plaintiff's motion for class certification, all the while organizing rebuttal expert reports due March 13, 2023 and preparing for and conducting numerous expert depositions.

If the Court grants any part of Plaintiff's pending request for additional pages, Credco requests that:

- The Court permit Credco as many extra pages on any given motion as the Court permits Plaintiff to have; and
- The Court extend the hearing date for Plaintiff's motion for class certification by one week, to March 27, 2023, to allow Credco one additional week to respond to Plaintiff's oversize briefing.

## V.  CONCLUSION

Credco respectfully requests that the Court deny Plaintiff's *ex parte* application. In the alternative, if the Court grants the application, Credco requests the same number of additional pages that Plaintiff receives and that the Court modify the hearing schedule to accommodate the voluminous additional briefing.

Dated: January 10, 2023      HUESTON HENNIGAN LLP

By: */s/ Brandon Marsh*
Brandon Marsh

*Attorney for Defendant*
*CoreLogic Credco, LLC*