UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. FERNANDEZ, individually and as a representative of the class,<br><br>                                    Plaintiff,<br><br>v.<br><br>CORELOGIC CREDCO, LLC.,<br><br>                                    Defendant. | Case No.:  20cv1262 JM(SBC)<br><br>**ORDER REQUESTING ADDITIONAL BRIEFING** |

   Upon review of Plaintiff's Motion and Memorandum in Support of Motion for Attorneys' Fees, Costs, and Class Representative Service Award (Doc. Nos. 316, 316-1), the court has determined that supplemental briefing would be beneficial.

   On April 1, 2024, Plaintiff filed a Motion and Memorandum in Support of Motion for Attorneys' Fees, Costs, and Class Representative Service Award (Doc. Nos. 316, 316-1) seeking: (1) an award of attorneys' fees in the amount of 25% of the Settlement Fund, $14,625,000; (2) reimbursement of Class Counsel's out-of-pocket documented expenses in an amount not to exceed $898,296.75; (3) reimbursement to the Settlement

1

Administrator for the costs associated with notice and claims administration, in an amount not to exceed $2,135,228; and (4) $20,000 as a service award.[1]

Federal Rule of Civil Procedure 23 permits a court to "award reasonable attorney's fees and nontaxable costs that are authorized by law of by the parties' agreement." Fed. R. Civ. P. 23(h). Under the "common fund doctrine," "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *In re Apple Inc., Device Performance Litig.,* 50 F.4th 769, 785 (9th Cir. 2022) (quoting *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977)). The fundamental purpose of the doctrine "is to spread the burden of a party's litigation expenses among those who are benefitted." *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 271 (9th Cir. 1989). In sum, Class Counsel are entitled to reimbursement of the out-of-pocket costs they reasonably incurred investigating and prosecuting this case. *See In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92, 90 S. Ct. 616, 24 L. Ed. 2d 593 (1970)); *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).

Regarding the approximately $900,000 sought in costs, the court has simply been informed that "the bulk of these costs were for expert fees, however they also encompass deposition-related costs (e.g., court reporters, videographers, and transcripts), jury consultant fees, mediation expenses, filing fees, legal research, travel-related expenses (limited to coach-class airline tickets), document hosting, meals (excluding alcohol) and hotels, service of process, and expenses related to copying, shipping, and scanning." (Doc. No. 316 at 30.) The declaration of E. Michelle Drake filed in support of the motion provides a table summarizing the categories of costs as follows:

---

[1] The court is inclined to award proper recoverable expenses, a representative service award, and administrator costs from the common fund, and award attorneys' fees from the net amount of the common fund.

| Expense Category | Total |
|---|---|
| Testifying Expert Fees | $552,546.85 |
| Consulting experts and outside counsel | $209,012.29 |
| Transcripts | $60,796.29 |
| E-Discovery Hosting | $22,181.66 |
| Mediation Fees | $21,000.00 |
| Computer Research | $15,664.01 |
| Travel | $5,764.22 |
| Service Fees | $3,689.05 |
| Filing & Misc. Fees | $3,401.71 |
| Printing & Copying | $2,439.70 |
| Delivery & Postage | $709.21 |
| Docusign | $91.76 |
|  |  |
| **Total** | **$897,296.75** |

However, very little information has been provided to the court to substantiate this request. Accordingly, Class Counsel is instructed to submit a detailed declaration answering the questions posed below and attesting to the accuracy of any itemizations of material information.

- ***Testifying expert fees request*** – provide: (1) each expert's name; (2) the hourly rate or other basis of payment; and (3) purpose for which each expert was hired.

- ***Consulting experts and outside counsel*** – provide: (1) each consulting experts and outside counsel's name; (2) the hourly rate or other basis of payment; and (3)

purpose for which the expert and outside counsel was hired and their area of expertise.[2]

- **Transcripts** – provide: (1) the name of the deponent; and (2) cost of deposition (per videographer, transcript, etc.).

- **E-Discovery Hosting** – provide: a cost breakdown as to how the $22,181.66 was arrived at. Is this amount a percentage of a flat charge of all e-hosting by Class Counsel's firm or is it itemized charges in relation to an individual account for this case?

- **Computer Research** – how is this $15,664.01 expense not already subsumed within the hourly rates being billed for attorneys "researching"? Why should these costs be considered a taxable cost rather that part of the attorney fee award? *See Kelley v. Sears, Roebuck, & Co.*, No. CV-01-1423-ST, 2004 WL 1824121, at *5 (D. Or. Aug. 10, 2004) (quoting *Frederick v. City of Portland*, 162 F.R.D. 139, (D. Or. May 26, 1995), discussing *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (9th Cir. 1994)) ("The added costs of computerized legal research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching."). *See also Jones v. Unisys Corp.* 54 F.3d 624, 633 (10th Cir. 1995) (costs for computer legal research are part of the attorney's fee, not a

---

[2] The declaration of Ms. Drake refers to a jury consultant (Doc No. 316-1 ¶ 24), but the court's independent research indicates that jury consultant fees are disfavored. *See, e.g., New Form, Inc. v. Sabina Corp.,* 2:02-cv-02296-FMC-Ex, 2008 WL 11336584, at *1 (C.D. Cal. July 2, 2008) (disallowing request for jury consultant fee reimbursement). *See also, Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994) ("The court concludes that defendant should not be taxed $2,579.30 in fees charged by a jury consultant who helped plaintiff develop the juror questionnaire and assisted in jury selection."); *Jorling v. Habilitation Servs.,* 1:03cv00073-WOB, 2005 U.S. Dist. LEXIS 44005, at *38 (S.D. Ohio July 14, 2005) ("A jury consultant is obviously not an attorney, paralegal, or legal assistant whose time falls within the rubric of 'attorney fees' for purposes of the fee-shifting statutes.").

taxable cost); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409-410 (7th Cir. 2000) (same).

- ***Travel*** – provide: (1) the names of people traveling, destination, and purpose for travel; (2) cost of airfare; and (3) cost of lodging.

Class Counsel's declaration, along with any other pertinent information that would explain the costs requested, must be filed on or before **May 1, 2024**.

**IT IS SO ORDERED**.

Dated:  April 16, 2024

_____
Hon. Jeffrey T. Miller
United States District Judge